118 T.C. No. 22


UNITED STATES TAX COURT


ELENA SWAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12881-00.                Filed May 3, 2002.


     R determined deficiencies in tax and
accuracy-related penalties for 3 years.  The Court
struck from the petition all assignments of error other
than the affirmative defense of the statute of
limitations for one of the years.  R moved for summary
judgment.
     1.  <u>Held</u>:  Summary judgment is appropriate with
respect to the affirmative defense; stipulated facts
establish that the period of limitations did not expire
before R mailed the notice of deficiency, which
suspended the running of that period.
     2.  <u>Held</u>, <u>further</u>, summary judgment is appropriate
with respect to the deficiencies; under Rule 34(b), Tax
Court Rules of Practice and Procedure, P's assignments
of error other than with respect to the statute of
limitations were struck from the petition; therefore, P
is deemed to have conceded the adjustments resulting in
deficiencies.
     3.  <u>Held</u>, <u>further</u>, a like result for the
penalties; the burden of production imposed by sec.

7491(c), I.R.C., is of no consequence if P's
assignments of error have been struck.


Elena Swain, pro se.

Jonathan H. Sloat, for respondent.


OPINION


HALPERN, Judge:  This case is before the Court on
respondent's motion for summary judgment (the motion).
Petitioner objects.

Unless otherwise stated, all section references are to the
Internal Revenue Code in effect for the years in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

Rule 121 provides for summary judgment.  Summary judgment
may be granted with respect to all or any part of the legal
issues in controversy "if the pleadings, answers to
interrogatories, depositions, admissions, and any other
acceptable materials, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that a
decision may be rendered as a matter of law."  Rule 121(a) and
(b).

We are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  For the reasons that follow, we shall grant the motion.

Background

By notice of deficiency dated September 20, 2000 (the notice), respondent determined deficiencies in income tax (deficiencies) and accuracy-related penalties (penalties) as follows:

| Taxable (Calendar) Year | Deficiency | Penalty Sec. 6662(a) |
| --- | --- | --- |
| 1996 | $82,807 | $16,561 |
| 1997 | 68,812 | 13,762 |
| 1998 | 59,210 | 11,842 |

Enclosed with the notice was an explanation stating that the deficiencies result principally from respondent's disregard of certain trust arrangements (as shams or for certain other stated reasons) and that the penalties are due to negligence, an understatement of tax, or a misstatement of value.

The petition states that petitioner disputes respondent's determinations and assigns the following errors:  (1) Respondent had no authority to make a determination, (2) the "deficiency" failed to identify the statute that was relied on to claim the deficiency, (3) respondent did not provide proof of a "statutory procedurally correct" assessment, (4) respondent failed to produce a witness, (5) the statute of limitations had expired as

to 1996, (6) the deficiencies were not supported by facts and evidence, and (7) petitioner's declaration was supported by facts and evidence.  Attached to the petition is petitioner's declaration of facts (the declaration), in which she declares, among other things, that she is a native and citizen of the State of California, that she has never been notified that she is required to keep books and records and file returns, that no assessments of tax, penalties, or interest have been made against her for the years in question, and that she has no unreported income for those years.  Nothing in the declaration challenges respondent's explanations of his bases for determining the deficiencies and penalties.

Before answering the petition, respondent moved to strike from the petition all assignments of error other than that the period of limitations had expired for 1996 (the motion to strike).  In support of the motion to strike, respondent argued that petitioner had failed to challenge the correctness of respondent's determinations in the notice:

> Instead, the petitioner relies on various frivolous and immaterial arguments challenging the respondent's authority to make a determination under I.R.C. § 1313, the absence of assessments, and the manner in which the respondent made his determination.  None of those assignments of error relate directly to the respondent's determinations.

Petitioner objected to the motion to strike.  In support of that objection, however, she added little to the petition.  She made

no effort to identify facts tending to show error in respondent's basis for the deficiencies and penalties. We granted the motion to strike. By the answer, respondent denies that the period of limitations expired for 1996.

Petitioner has not, in support of her objection to the present motion, identified facts tending to show error in respondent's bases for the deficiencies and penalties.

The parties have stipulated a copy of petitioner's Federal income tax return for 1996, Form 1040, U.S. Individual Income Tax Return 1996 (the 1996 Form 1040). They have stipulated that it was mailed to respondent on October 14, 1997. They have further stipulated a copy of the notice and that, by certified mail, it was mailed to petitioner on September 20, 2000, less than 3 years after the 1996 Form 1040 was filed. The notice is addressed to petitioner at her address shown on the 1996 Form 1040.

Discussion

Period of Limitations

Petitioner has raised the statute of limitations as an affirmative defense to respondent's determinations of a deficiency and a penalty for 1996. Respondent denies that defense and asks for summary adjudication in his favor on that issue.

With exceptions not here relevant, section 6501 provides a 3-year period from the time a return is filed for the assessment

or collection (without assessment) of any tax, including income taxes (the period of limitations).  The running of the period of limitations, however, is suspended under section 6503(a)(1) by "the mailing of a notice under section 6212(a)".  Section 6212(a) authorizes the Secretary, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail."  Section 6212(b)(1) provides that a notice of deficiency in respect of an income tax "shall be sufficient" if it is "mailed to the taxpayer at his last known address".

The parties have stipulated that the notice was mailed to petitioner by certified mail less than 3 years after the 1996 Form 1040 was filed.  If the notice was mailed to petitioner at her last known address, it was sufficient to suspend the running of the period of limitations for 1996.  The address to which the notice was sent corresponds to the address on the 1996 Form 1040 and to petitioner's address on the petition.  Petitioner does not claim that the notice was not mailed to her last known address, and we conclude that the notice was mailed to petitioner at her last known address.

The period of limitations for 1996 did not expire before the mailing of the notice, and that period was suspended by the mailing.  Summary adjudication is appropriate in respondent's

favor with respect to petitioner's affirmative defense of the statute of limitations.

Deficiencies

Respondent argues for summary adjudication in his favor with respect to the deficiencies on the grounds that, because he prevailed with respect to petitioner's affirmative defense with respect to 1996, no additional assignments of error remain with respect to the deficiencies.

Each issue not addressed by a clear and concise assignment of error in the petition is deemed to be conceded. Rule 34(b)(4); Nis Family Trust v. Commissioner, 115 T.C. 523, 538-539 (2000).[1] We have struck from the petition all assignments of error other than the assignment based on petitioner's claim of an affirmative defense for 1996, which we have rejected. Lacking that defense, and with no other assignments of error (or any averments tending to show error in respondent's basis for the deficiencies), petitioner is deemed to have conceded the

---

[1] In Nis Family Trust v. Commissioner, 115 T.C. 523 (2000), a consolidated case, the Commissioner moved under Rule 120(a) for judgments on the pleadings with respect to the various deficiencies in tax at issue. We disregarded meritless tax-protester arguments made by the taxpayers in the amended petitions and granted the Commissioner's motion on the grounds that the taxpayers had failed to make any legitimate challenges to the deficiency determinations. We deemed the taxpayers to have conceded the Commissioner's adjustments under Rule 34(b)(4). With respect to 1997 and 1998, respondent could, here, have made a motion under Rule 120(a) for judgment on the pleadings. The standards for granting such a motion are similar to those for granting a motion for summary judgment. See Nis Family Trust v. Commissioner, supra at 537.

correctness of respondent's deficiency determinations. See
Daniels v. Commissioner, T.C. Memo. 1981-58. Respondent is
entitled to summary adjudication with respect to the deficiencies
in question, and we shall enter decision for respondent that
there are deficiencies in tax of $82,807, $68,812, and $59,210,
for 1996, 1997, and 1998, respectively.

Penalties

Respondent argues for summary adjudication in his favor with
respect to the penalties on the same grounds as with respect to
the deficiencies; viz, that, because he prevailed with respect to
petitioner's affirmative defense with respect to 1996, no
additional assignments of error remain with respect to the
penalties. Respondent points out that, in Nis Family Trust v.
Commissioner, supra at 541 n.6, we left undecided whether,
pursuant to Rule 34(b), a taxpayer failing to assign error to the
Commissioner's determinations of penalties under section 6662
would be deemed to have conceded those penalties. That is true.
In Nis Family Trust, we had no need to decide that issue since
the Commissioner supported his motion for partial summary
judgment with respect to the section 6662 penalties with deemed
admissions made pursuant to Rule 90(c) that supported the
imposition of those penalties. Id. at 542-543. Here we have no
such deemed admissions or, except possibly with respect to 1996

(the only year for which we have petitioner's return), any other factual basis upon which to impose such penalties.

The question we must decide is whether a taxpayer failing to assign error to a penalty will be deemed to concede the penalty notwithstanding that the Commissioner has failed to produce evidence that imposition of the penalty is appropriate. The question is suggested by section 7491(c) and Rule 142(a)(2). Section 7491 was enacted by section 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685, 726. As so added, section 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of the enactment of RRA 1998. See RRA 1998 sec. 3001(c), 112 Stat. 727. Section 7491 is effective with respect to this court proceeding. Section 7491(c) provides:

> SEC. 7491(c). Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount (without distinction, penalty). See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Unless the taxpayer puts the penalty into play, however (by assigning error to the Commissioner's penalty

determination), the Commissioner need not produce evidence that the penalty is appropriate, since the taxpayer is deemed to have conceded the penalty.

That result follows from Rule 34(b)(4), which requires the petitioner to assign error in the petition to each and every error alleged to have been committed by the Commissioner, including issues with respect to which the Commissioner bears the burden of proof. Rule 34(b)(4) warns: "Any issue not raised in the assignments of error shall be deemed to be conceded." The situation here is analogous to the situation where the Commissioner determines a penalty (previously, an addition to tax) for fraud. Section 6663 imposes a penalty if any part of any underpayment of tax required to be shown on a return is due to fraud. Section 7454(a) and Rule 142(b) provide that, in any case involving the issue of fraud, the burden of proof in respect to that issue is on the Commissioner. The Commissioner usually determines the fraud penalty in the notice of deficiency. In Gordon v. Commissioner, 73 T.C. 736 (1980), we dealt with the predecessor addition to tax for fraud imposed by section 6653(b). We stated that, if the taxpayer wishes to contest an addition to tax for fraud determined in the notice of deficiency, he must assign error to that determination pursuant to Rule 34(b)(4). Id. at 739. Citing Rule 34(b)(4), we stated: "Any issue, including addition to tax for fraud under section 6653(b), not

raised in the assignment of errors is deemed conceded by the petitioner." Id. We added: "If petitioner assigns error to respondent's determination of the fraud addition to tax, then the respondent must affirmatively plead the fraud, together with the facts in support thereof, in his answer. Rule 36(b)." Id. We held, however, that if the Commissioner pleads fraud in the answer, and the taxpayer, in the reply, denies the allegations of fraud, the Commissioner will not be put to his proof if the taxpayer thereafter states that he will not contest the fraud addition and defaults. Id. Implicit in our discussion of Rule 34(b) is the conclusion that, if the Commissioner determines fraud and the taxpayer fails to assign error to that determination, the fraud penalty is conceded, and the Commissioner need not plead fraud together with supporting facts. See Brailsford v. Commissioner, T.C. Memo. 1991-639 (with respect to whether statute of limitations remained open against joint-return-filer on account of other joint-return-filer's fraud: "Respondent had no duty to discuss or prove an issue that petitioner had not raised, either directly (an assignment of error as to the fraud determination) or indirectly (pleading the statute of limitations).").

Section 7491(c) imposes a burden on the Commissioner "in any court proceeding with respect to the liability of any individual for any penalty". Rule 34(b)(4) and the statute are consistent.

An individual must first challenge a penalty by filing a petition alleging some error in the determination of the penalty. If the individual challenges a penalty in that manner, the challenge generally will succeed unless the Commissioner produces evidence that the penalty is appropriate. If an individual does not challenge a penalty by assigning error to it (and is, therefore, deemed to concede the penalty), the Commissioner need not plead the penalty and has no obligation under section 7491(c) to produce evidence that the penalty is appropriate.

We have disposed of petitioner's affirmative defense for 1996. The only issue before us with respect to the penalties is a legal issue: whether, by having failed to assign error to respondent's determinations of penalties (or averring facts tending to show error in respondent's basis for the penalties), petitioner has conceded those penalties. The answer is yes. Rule 34(b). Respondent is entitled to summary adjudication with respect to the penalties in question, and we shall enter decision for respondent that petitioner is liable for penalties under section 6662(a) of $16,561, $13,762, and $11,842, for 1996, 1997, and 1998, respectively.

An appropriate order and decision will be entered.