T.C. Memo. 2004-178


UNITED STATES TAX COURT


JOSEPH W. MCBRIDE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15990-03L.          Filed August 2, 2004.


Joseph W. McBride, pro se.

<u>Pamela Karr Harrison</u>, for respondent.


MEMORANDUM OPINION

WHALEN, <u>Judge</u>:  This is a levy action commenced by

petitioner under section 6330(d) of the Internal Revenue

Code and Rule 331 of the Tax Court Rules of Practice and

Procedure.  Hereinafter, all section references are to the

Internal Revenue Code, and all Rule references are to the

Tax Court Rules of Practice and Procedure.  Petitioner

resided in Philadelphia, Pennsylvania, at the time he filed the instant petition.

The case is now before the Court to decide respondent's motion for summary judgment, filed April 2, 2004, and petitioner's motion for summary judgment, filed April 29, 2004.

The pertinent facts, taken from the pleadings and the motions filed by the parties, are summarized below. During calendar year 1996, petitioner received wages of $19,569 and unemployment compensation of $8,500, but he failed to file an income tax return for the year. As a result, respondent determined a deficiency of tax and additions to tax for the year and issued a notice of deficiency to petitioner setting forth such determination.

Petitioner did not petition this Court for redetermination of the deficiency and addition to tax. Accordingly, in due course, respondent assessed a deficiency in petitioner's 1996 income tax of $3,602, an addition to tax under section 6651(a)(1) of $517.95, an addition to tax under section 6651(a)(2) of $299.26, and an addition to tax under section 6654(a) of $116.15.

After petitioner failed to pay the amounts assessed, respondent sent to petitioner Notice of Intent to Levy and Notice of Your Right to a Hearing, on Internal Revenue

Service Form CP90. In response, on or about January 2, 2003, petitioner filed Form 12153, Request for a Collection Due Process Hearing. In the space on the form which asks "why you don't agree" with the notice of levy/seizure, petitioner stated as follows: "Due to the fact that I responded to every 'notice' with questions I needed to be answered in order to proceed--I never received a response to my questions."

A representative of the Internal Revenue Service Office of Appeals contacted petitioner by letters dated June 9, 2003, and June 30, 2003, and spoke to petitioner by telephone on June 30, 2003, and August 18, 2003. Respondent's motion for summary judgment states that the "CDP hearing" took place during the telephone conversation on June 30, 2003, and, during that conversation, "petitioner inquired as to the legal definition of income." In response, the Appeals officer sent to petitioner the letter dated June 30, 2003, which enclosed a document entitled, "The Truth about Frivolous Tax Arguments" to provide "an explanation for the reasons to file a tax return". The June 30, 2003, letter also states that petitioner's account balance for 1996 is $5,324.42 as of May 12, 2003. The letter also refers to a letter from petitioner dated June 24, 2003, which is not included in the record.

According to respondent's motion, during the telephone conversation on August 18, 2003, "petitioner said he was not sure he wanted an installment agreement and [petitioner] would call the Appeals officer on August 19, 2003 if interested". The motion states that "Petitioner did not pursue this matter further."

Respondent's motion is supported by the Declaration of the Appeals officer. Among the documents attached to the Declaration, is the "Case Activity Records", which purports to show all of the actions taken by the Appeals officer regarding the case. That document refers to a conference on June 17, 2003, and another contact with petitioner on July 22, 2003 ("Requested additional info and TP wants an IA"). These items are not discussed in the Declaration or in respondent's motion.

In any event, on August 29, 2003, the Commissioner issued Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (referred to herein as notice of determination), which contemplates permitting the collection action to proceed. The notice of determination states as follows:

Summary of Determination

Although you wanted an installment agreement, you were not in compliance. In addition you never

returned the waiver necessary to continue your case with the audit reconsideration unit.

An attachment to the notice of determination states as follows:

### Applicable Law and Administrative Procedures

       *     *     *     *     *     *     *

This Appeals Officer has had no prior involvement with this taxpayer with respect to these appealed assessments.

### Validity of the Assessment

The assessment is valid.

### Challenges to the Existence or Amount of the Liability

Taxpayer wanted to [sic] what is the definition of income. The Appeals Officer mailed the taxpayer the first 6 pages of the "THE TRUST ABOUT FRIVLLOUS [SIC] TAX ARGUMENTS" CHAPTER #1.

### SPOUSAL DEFENSES

Not applicable.

### Collection Alternative Considered

Taxpayer stated he wanted an Installment Agreement, [sic] However since the taxpayer is not in compliance. [sic]

### Balancing Efficient Collection Intrusiveness

IRC§6330 requires that the Appeals Officer consider whether any collection action balance the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary. The levy action is appropriate.

Within 30 days of the notice of determination, petitioner filed a petition with the Court commencing this levy action. Paragraph 4 of the amended petition sets forth the reasons for petitioner's belief that he is entitled to relief. It states as follows:

> 4. Set forth the relief requested and the reasons why you believe you are entitled to such relief.
>
> 1) I interpreted the "relief" to mean why I couldn't pay the $60 Court Cost.
>
> 2) I have responded to every letter the IRS has sent with questions and the only response was more intimidating letters until 2002, when I received "Frivolous questions" - "frivoulous [sic] - meaning without serious attention.
>
> One of the questions is where is the legislative regulation that requires individuals [sic] taxpayers to file. I can't locate it.

After respondent filed his motion for summary judgment, the Court gave petitioner a period of time in which to respond to respondent's motion. Petitioner chose to file his own motion for summary judgment in response to respondent's motion. In that document, petitioner acknowledges that he received the notice of deficiency dated October 13, 1998, issued for taxable year 1996, but he does not address any other facts of the case. Significantly, petitioner's motion takes issue with none of the facts set

forth in respondent's motion nor does it allege any new facts. Thus, in responding to respondent's motion, petitioner did not set forth specific facts showing that there is a genuine issue for trial. See Rule 121(d). Furthermore, petitioner's motion does not take issue with the Appeals officer's determination that petitioner is not eligible for an installment agreement.

Petitioner's motion for summary judgment consists of a series of legal statements that raise frivolous and groundless issues. First, petitioner's motion states that "unless an 'assessment' of an 'imposed' tax 'has been made' the imposed tax cannot be 'collected by levy or by a proceeding in court'." While we agree that, generally, the tax must be assessed as a liability of the taxpayer before there can be a levy on the taxpayer's property to collect the tax, see secs. 6303(a), 6330, 6501(a), and 6502, there is ample evidence in the record of this case to show that the subject tax determined by respondent was properly assessed. The notice of determination issued on August 29, 2003, sets forth the statement of the Appeals officer that "the assessment is valid." Furthermore, attached to the Declaration of the Appeals officer is a copy of the transcript of petitioner's account, dated May 12, 2003, showing that the subject tax was assessed on June 7, 1999.

Petitioner's motion gives the Court no reason to conclude that the subject tax was not properly assessed. It simply disregards both the statement in the notice of determination that the assessment is valid and the transcript attached to the Declaration of the Appeals officer that shows that the subject tax was assessed.

Petitioner's motion makes three other frivolous arguments. The motion states: "that withholding has nothing to do with income taxes and/or the 16th Amendment"; that "corporations only pay income taxes on their profit; this must also apply to individuals"; and that "no law makes anyone 'liable' for income taxes and no law required them 'to pay' income taxes and they have no income in the 'constitutional sense'." We reject these arguments as patently spurious. See, e.g., Jacobs v. Commissioner, 100 Fed. Appx. 126 (3d Cir. 2004) (per curiam).

Finally, we note that petitioner has failed to assign error to any of the additions to tax determined by respondent in the notice of deficiency. Accordingly, petitioner is deemed to have conceded the additions to tax determined by respondent. See Swain v. Commissioner, 118 T.C. 358, 363 (2002).

On the basis of our review of the entire record in this case, we find no abuse of discretion in respondent's determination to proceed with collection with respect to

petitioner's 1996 taxable year as set forth in the notice of determination.

We note that section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that the proceeding has been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. In this case, we conclude that the position advanced by petitioner is frivolous and groundless. Nevertheless, respondent has not asked for penalties under section 6673 to be imposed, and we choose not to do so at this time. We caution petitioner that such penalties under section 6673 may be imposed if he continues to advance the same frivolous and groundless arguments in the future.

Upon consideration of the above,

An appropriate Order and Decision authorizing respondent to proceed with collection will be entered.