T.C. Summary Opinion 2006-164

UNITED STATES TAX COURT

SAMUEL S. AND LAURA M. PINKNEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8761-05S.                    Filed October 16, 2006.

Samuel S. and Laura M. Pinkney, pro sese.

<u>Alexander D. DeVitis</u>, for respondent.


    PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $7,073 deficiency in petitioners' 2002 income tax and a $1,414.60 accuracy-related penalty pursuant to section 6662(a). After concessions,[1] the issues for decision are: (1) Whether petitioners can deduct (a) $246 for charitable cash contributions, (b) $24,510.89 of other expenses, (c) $55 of bad debt expense, and (d) $3,506 for home office expense; and (2) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. Petitioners Samuel Pinkney and Laura Pinkney are married and resided in Los Angeles, California, at the time their petition was filed. Petitioners have a son, Roderick Pinkney (Roderick), who was approximately 41 years old during the year at issue. For convenience, we combine our findings and discussion herein. Unless otherwise indicated, all references to petitioner are to Samuel Pinkney.

---

[1] Respondent concedes deductions for $2,825 of charitable cash contributions and $314.94 of other expenses. Petitioners concede their gross income includes $1,063 of gambling winnings, $14 of interest income from Fiscal Federal Credit Union, and $185 of gross receipts from Nuways, Inc. Petitioners also concede the disallowance of deductions for $6,964.45 of medical and dental expenses; $2,918 of charitable noncash contributions; $1,730 of car and truck expenses; $4,149.72 of travel expense; $1,340.52 of meals and entertainment expenses; and $2,135.16 of advertising expense. Adjustments not addressed in this opinion are computational.

Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioners therefore bear the burden of proof.

1. Petitioners' Claimed Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

A. Charitable Cash Contributions

In general, section 170(a) allows as a deduction any charitable contribution made within the taxable year. A charitable contribution means a contribution or gift to or for

the use of, inter alia, a State, possession of the United States, or any political subdivision of the foregoing.  Sec. 170(c)(1).

On their joint 2002 Federal income tax return, petitioners deducted charitable cash contributions of $5,456.  Respondent initially allowed $2,385 of that amount and later conceded an additional $2,825, leaving $246 in dispute.  At trial, petitioners introduced a copy of a check for $25 to the City of Carson.  The face of the check bears no indication that the $25 represents a contribution or gift, and petitioners offered no testimony with respect to this item.  Accordingly, respondent's determination is sustained to the extent of $246.

B.  Other Expenses

Section 162(a) generally allows a deduction for ordinary and necessary business expenses.  To qualify as an allowable deduction under section 162(a), an item must be:  (1) Paid or incurred during the taxable year; (2) for carrying on any trade or business; (3) an expense; (4) a necessary expense; and (5) an ordinary expense.  Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971); FMR Corp. & Subs. v. Commissioner, 110 T.C. 402, 414 (1998).

Petitioners attached to their return a Schedule C, Profit or Loss From Business, for a business described as real estate consulting.  Petitioners deducted $29,132 of other expenses on Schedule C, consisting of items such as supplies expense, tax

preparation expense, and professional business expense. Respondent initially allowed $4,306.17 of that amount and later conceded an additional $314.94, leaving $24,510.89 in dispute.

At trial, petitioners introduced: (1) A receipt for $447 related to Getotis.com; (2) receipts totaling $888.75 from Pre-Paid Legal Services, Inc.; (3) a Form 1099-MISC, Miscellaneous Income, indicating that petitioner paid his son, Roderick, $5,460 of nonemployee compensation;[2] (4) receipt stubs and checks drawn on petitioner's account to Roderick; and (5) a Form 1096, Annual Summary and Transmittal of U.S. Information Returns, used to transmit the Form 1099-MISC to the Internal Revenue Service.

With respect to the receipt for $447, it is not clear from the document what type of expense this represents or how Getotis.com relates to the real estate consulting business. Petitioners offered no testimony on this matter, and, therefore, they have failed to prove the $447 is an ordinary and necessary business expense.

With respect to the receipts for $888.75 from Pre-Paid Legal Services, Inc., legal fees generally are deductible if they are sufficiently connected with the taxpayer's trade or business. See, e.g., Kenton v. Commissioner, T.C. Memo. 2006-13.

---

[2] Petitioners did not report any amount as wage expense on their Schedule C. It appears that petitioners instead reported the alleged payments to their son as a component of other expenses.

Petitioners, however, offered no testimony or other evidence to demonstrate that the $888.75 was a deductible legal expense or otherwise constituted an ordinary and necessary business expense. Accordingly, petitioners are not entitled to a deduction for this amount.

With respect to the purported payments to Roderick, compensation is deductible as a trade or business expense only if it is (1) reasonable in amount, (2) based on services actually rendered, and (3) paid or incurred. See O'Connor v. Commissioner, T.C. Memo. 1986-444; sec. 1.162-7(a), Income Tax Regs. When the compensation is paid to a family member, the Court carefully scrutinizes the transaction. Denman v. Commissioner, 48 T.C. 439, 450 (1967); Hamdi v. Commissioner, T.C. Memo. 1993-38, affd. without published opinion 23 F.3d 407 (6th Cir. 1994). In deciding whether payments to a family member are deductible, we examine all the facts and circumstances. Eller v. Commissioner, 77 T.C. 934, 962 (1981). Facts that militate against the deductibility of such payments include failing to maintain adequate records of the family member's hours, duties, and earnings, and failing to file appropriate information returns. See Haeder v. Commissioner, T.C. Memo. 2001-7; Martens v. Commissioner, T.C. Memo. 1990-42, affd. without published opinion 934 F.2d 319 (4th Cir. 1991); O'Connor v. Commissioner, supra.

Petitioner testified that Roderick performed a number of tasks for him in 2002, such as recruiting clients, setting up meetings, and making presentations. Petitioner typically paid Roderick in cash, although Roderick sometimes received payment by check. Petitioner testified that he recorded the payments in a notebook, which was not made part of the record. Petitioner and Roderick later created receipts to correspond to the payments, including receipts created at the end of 2002. The receipts were made on preprinted, numbered forms. Some of the receipts were not written in chronological order. For example, receipt No. 804201 is dated April 30, 2002, while receipt No. 804202 is dated January 14, 2002.

Petitioner filed a Form 1099-MISC for Roderick, as well as a Form 1096. However, both the Form 1099-MISC and the Form 1096 were filed late. Roderick did not report the $5,460 as income. Petitioner contends Roderick was not required to file a 2002 tax return because he had little or no additional income that year. Respondent introduced evidence, however, indicating that Roderick earned $8,136 of wage income from United Airlines Inc., $675 of gambling winnings, $8,541 of unemployment benefits, and $295 of nonemployee compensation from Nuways, Inc.

Examining all the facts and circumstances, we conclude that petitioners cannot deduct the $5,460 as a trade or business expense. The receipts introduced to substantiate the payments to

Roderick are of doubtful accuracy. To the extent such payments were made, petitioner did not keep a written log of Roderick's hours or duties, nor did he explain how he determined Roderick's compensation. As a result, it is not clear whether the payments represent reasonable compensation for the services, if any, that Roderick performed. Roderick's failure to report the $5,460 casts further doubt on the deductibility of the payments, as does petitioner's failure to timely file information returns. See Haeder v. Commissioner, supra; Martens v. Commissioner, supra. Accordingly, petitioners have failed to meet their burden of proof, and respondent's determination is sustained to the extent of $24,510.89.

C. Bad Debt Expense

In general, section 166(a)(1) allows as a deduction any debt which becomes worthless within the taxable year. Business debts may be deducted against ordinary income to the extent that such debts become wholly or partially worthless during the year. Nonbusiness debts also may be deducted, but only in the same manner as short-term capital losses, and only if the debts are wholly worthless in the year claimed. Sec. 166(d); sec. 1.166-5(a)(2), Income Tax Regs. Section 166(d)(2) provides generally that a "nonbusiness debt" means a debt other than a debt created or acquired in connection with a trade or business

of the taxpayer or a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.

Petitioners did not claim a deduction for bad debt expense on their return. Shortly before trial, however, petitioners asserted they were entitled to a $55 deduction for bad debt expense incurred in connection with a trade or business. Petitioners introduced a check for $55 to Phillip Peterson. In the memo section of the check is written "Loan". Even if we assume that the $55 represents a loan made in connection with a trade or business, there is no evidence that the debt became wholly or partially worthless within the taxable year 2002. Accordingly, petitioners are not entitled to a deduction.

D. <u>Home Office Expense</u>

Section 280A(c)(1) permits the deduction of expenses allocable to a portion of a dwelling unit that is used exclusively and on a regular basis as either (1) the principal place of business for the taxpayer's trade or business, or (2) a place of business that is used by clients or customers in meeting or dealing with the taxpayer in the normal course of the taxpayer's trade or business. The deduction cannot exceed the gross income derived from the business use of the residence over the sum of certain deductions allocable to such income. Sec. 280A(c)(5); <u>Cunningham v. Commissioner</u>, T.C. Memo. 1996-141, affd. without published opinion 110 F.3d 59 (4th Cir. 1997).

Petitioners attached to their return a Form 8829, Expenses for Business Use of Your Home, but did not claim a deduction for home office expense on Schedule C. Shortly before trial, petitioners asserted they were entitled to deduct $3,506 of home office expense. Petitioners offered no evidence, however, that any portion of their home meets the requirements of section 280A(c)(1). Accordingly, they are not entitled to a deduction.

2. Accuracy-Related Penalty Under Section 6662(a)

Section 6662(a) provides that a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(2), Income Tax Regs. Disregard of rules or regulations includes any careless, reckless, or intentional disregard. Sec. 1.6662-3(b)(1), Income Tax Regs. An exception to the section 6662(a) penalty applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c).

Respondent determined a $1,414.60 penalty against petitioners pursuant to section 6662(a). Under section 7491(c), the Commissioner bears the burden of production with respect to the accuracy-related penalty. To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee

v. Commissioner, 116 T.C. 438, 446 (2001).  Under Rule 34(b), however, the taxpayer is required to assign error in the petition to each and every error alleged to have been committed by the Commissioner, including issues with respect to which the Commissioner bears the burden of proof.  Any issue not raised in the assignments of error is deemed to be conceded.  Id.; see also Swain v. Commissioner, 118 T.C. 358, 363-364 (2002).

Petitioners did not assign error to the determination of the penalty in their petition.  Nor did they dispute the determination at trial.  Accordingly, the penalty is deemed to be conceded.  See Rule 34(b); Swain v. Commissioner, supra.  Even if petitioners had challenged the penalty, petitioners failed to keep adequate books or records or to properly substantiate the disallowed expense deductions.  See sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioners introduced no evidence to indicate their failure was due to reasonable cause or good faith.  See sec. 6664(c).  Accordingly, respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.