T.C. Summary Opinion 2007-131

UNITED STATES TAX COURT

CINDEE J. CONNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10410-05S.                    Filed July 30, 2007.

Cindee J. Conner, pro se.

<u>Thomas Yang</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1997 in the amount of $11,344. The issues for decision are: (1) Whether respondent is barred by the statute of limitations from assessing and collecting the deficiency (this issue turns on the question of whether petitioner filed an income tax return for 1997); (2) whether petitioner failed to report wage income earned in 1997 in the amount of $33,711; (3) whether petitioner failed to report income from a long-term capital gain in the amount of $45,023, arising from a deed in lieu of a foreclosure transaction; (4) whether petitioner is entitled to innocent spouse relief; and (5) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1)[1] and 6654.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in McHenry, Illinois.

Petitioner and James Conner (Mr. Conner) were married on July 13, 1974. Two children were born of the marriage. The couple purchased a home in Barrington, Illinois, in May 1987, for

---

[1] At trial, respondent conceded the addition to tax under sec. 6651(a)(2); therefore that addition is no longer an issue before us.

$239,000. The deed on record for that property lists petitioner and Mr. Conner as owners in joint tenancy.

Between 1987 and 1997, the couple experienced a series of unspecified financial setbacks. In early 1995, they refinanced their home with a second mortgage in the amount of $264,000, and a home equity loan in the amount of $66,000. This refinancing was provided by Corus Bank of Chicago, Illinois. Refinancing, however, could not resolve the economic quandary that the couple found themselves in, and so, faced with an impending bankruptcy, they decided, in 1997, to execute a deed in lieu of foreclosure to Corus Bank. Despite, or perhaps because of, these measures, petitioner and Mr. Conner separated in late 1997.

After the deed in lieu of foreclosure was delivered, Corus Bank filed 2 Forms 1099-C, Cancellation of Debt, reporting that James and Cindee Conner received income in the amounts of $260,883.08 for the mortgage and $68,161.59 for the home equity loan. Corus Bank sent the Forms 1099-C to Mr. Conner at his last known address in Barrington, Illinois.

On March 3, 2006, Corus Bank sent petitioner a letter notifying her:

> Corus Bank filed a Cancellation of Debt Form 1099-C to the Internal Revenue Service for the following: Primary - James Conner, 5011 N Tamarack, Barrington, IL, 60010; Secondary - Cindee Conner, 5011 N Tamarack, Barrington, IL, 60010. Date Cancelled: 12/31/1997; Amount Number: 502030; Amount Cancelled: 260,883.08; Account Number: 9095685429; Debt Description: Foreclosure.

Petitioner and Mr. Conner separated in early 1996, and a Judgment of Dissolution of Marriage was subsequently entered by the Circuit Court for McHenry County, Illinois, on April 13, 1999.

On May 21, 2001, respondent sent Mr. Conner an individual notice of deficiency for his 1997 Federal income tax. Respondent determined Mr. Conner's deficiency based on a failure to report income from a long-term capital gain arising from the execution of a deed in lieu of foreclosure transaction.

Respondent determined Mr. Conner's correct tax liability for 1997 by calculating the income incurred by the aforementioned transaction as follows:[2]

```
Form 1099-C - Cancellation of Debt        $260,883.00
Form 1099-C - Cancellation of Debt          68,161.59
      Total Cancellation of Debt           329,044.97

Amount Realized (Section 1001)             329,045.00
Adjusted Basis in Property                (239,000.00)
      Total Amount Realized                 90,045.00

Mr. Conner's share (50%)                    45,023.00
```

Mr. Conner filed a petition with this Court at docket No. 9969-01. After this Court sustained respondent's determination, Mr. Conner entered into a payment plan with respondent to pay his outstanding 1997 Federal income tax liability. He continues to make payments in accordance with this plan.

_____

[2] Some of these figures have been rounded.

During the taxable year in issue, petitioner worked as a dance instructor at her sister's dance studio and earned wage income in the amount of $33,711. Petitioner did not file a separate Federal income tax return for 1997, reporting her wage income or her share of long-term capital gain.

On March 8, 2005, respondent sent petitioner a notice of deficiency for the 1997 taxable year. In the notice, respondent determined a deficiency in the amount of $11,344 together with additions to tax pursuant to sections 6651(a)(1) and 6654 in the amounts of $2,552 and $599, respectively.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving them to be in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As an exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. Based on the following, because petitioner has not satisfied the requirements of section 7491, section 7491(a) is inapplicable. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Respondent, however, has the burden of production with respect to the additions to tax. Sec. 7491(c); Higbee v. Commissioner, supra at 446-447. To satisfy respondent's burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax. Higbee v. Commissioner, supra at 446.

1. Statute of Limitations; Failure To File Return

As a general rule, section 6501(a) provides that the amount of any tax imposed shall be assessed within 3 years after the return was filed. In the case of a failure to file a return, the tax may be assessed, or a proceeding in court for the collection of tax may be begun at any time. Sec. 6501(c)(3).

In this case, petitioner admits that she did not file a separate Federal tax return for 1997, that she did not sign a joint return with her husband that year, and that she did not confirm with her husband either that he was preparing a joint return for that year or that a joint return had been filed by him on her behalf. Petitioner failed to produce any evidence of a joint return on which she was listed for the year in question.

Based upon this evidence, we are convinced that petitioner did not file a return for 1997, thus making the 3-year period of limitations on assessments inapplicable.

2. <u>Unreported Wage Income</u>

As previously stated, respondent determined that petitioner did not file a Federal income tax return for the taxable year 1997, and did not report wage income of $33,711 received during that year. Petitioner, however, contends that her husband purportedly filed a joint return "on their behalf" in 1997, and that the wage income at issue was reported on that return. Therefore, she argues, she has no present liability for tax stemming from her unreported wage income received in 1997.

Section 61(a) defines gross income as "all income from whatever source derived, including * * * (1) Compensation for services" unless otherwise provided. Moreover, section 6001 requires any person liable for tax imposed under title 26 to keep records, render statements, make returns, and comply with the rules and regulations.

In this case, petitioner admitted at trial that she did, in fact, receive wage income in 1997 in the amount of $33,711, from her work as a dance instructor. However, she also testified that she kept no records of receiving these wages and filed no separate return for that year. Petitioner nevertheless contests respondent's determination of her liability on the grounds that she and Mr. Conner had agreed to file a joint return for 1997 to include this income, and that irrespective of whether or not a joint return was filed, she could not have filed separately for

that year as Mr. Conner maliciously withheld petitioner's Form W-2, Wage and Tax Statement, for 1997 from her.

As to petitioner's first argument, that the income in question was already included on a joint return purportedly filed on her behalf for 1997, Mr. Conner credibly explained to this Court that it was never the intention of either party to file a joint return for 1997, and that he did not include petitioner's wage income on his return.

With respect to petitioner's second claim, that she could not file for lack of the necessary information, Mr. Conner testified that he neither received nor maliciously withheld petitioner's Form W-2 for her wages earned for 1997. We not only find Mr. Conner's testimony credible, but we note that because petitioner's employer in 1997 was her sister with whom she has a close relationship, and for whom she still works as a dance instructor, petitioner could presumably have asked for and received a duplicate copy of her W-2.

Accordingly, and based on the foregoing reasons, we sustain respondent's determination that petitioner failed to file a Federal income tax return for 1997, and that she did not report wage income received in 1997 in the amount of $33,711 received in that year.

3. <u>Unreported Long-Term Capital Gain</u>

As previously stated, respondent determined that petitioner received income from a long-term capital gain as a result of a transfer of property by deed in lieu of foreclosure.  Petitioner does not contest that this transaction triggered gain to her and Mr. Conner.  She does, however, contest her personal liability for tax due stemming from this transaction on the grounds that she had no idea that she was required to report this income as she did not receive any Forms 1099-C listing the transaction, and because all of the income at issue would have been included on the 1997 Federal income tax return that Mr. Conner, "filed on [our] behalf."

We have already concluded that petitioner failed to file a Federal income tax return in 1997.  Mr. Conner filed his 1997 Federal income tax return separately.  As previously discussed, Mr. Conner failed to include income from the transaction on his 1997 tax return, prompting respondent to issue a notice of deficiency for his share.  Since petitioner and Mr. Conner held the property to which the long-term capital gain is attributable as owners in joint tenancy, it follows that, upon the transfer of property by deed, petitioner would have received one-half of the amount of the transaction, and accordingly, that she would be liable for the tax due thereon.

4.  Petitioner's Request for Innocent Spouse Relief

Petitioner submitted to this Court a Form 8857, Request for Innocent Spouse Relief, as an attachment to her underlying petition.  In her supporting statement, petitioner seeks relief from her liability for one-half of the long-term capital gain at issue on the grounds that because she assumed that Mr. Conner had filed a joint return in 1997 including the full amount of the long-term capital gain, she should not be held liable for tax on one-half of the income on the long-term capital gain incurred in that year.

Generally, spouses filing joint Federal income tax returns are jointly and severally liable for the taxes due thereon.  Sec. 6013(d)(3).  While section 6015 provides three avenues for relief from that liability to a taxpayer, the operative predicate before a request for such relief may be deemed appropriate is whether the requesting spouse filed a joint return for the year in issue.  Sec. 6015(a)(1).  In this case, we have already determined that petitioner and Mr. Conner did not file a joint return for taxable year 1997.  Accordingly, petitioner is barred from requesting innocent spouse relief.

5.  Additions to Tax

a.  Section 6651(a)

Respondent determined an addition to tax as a result of petitioner's failure to file her Federal income tax return for

1997.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed for filing, unless petitioner proves that such failure to file was due to reasonable cause, and not willful neglect.  Sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. at 447.  The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month.  Sec. 6651(a)(1).  An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax.  Id.  The addition to tax is imposed on the net amount due.  Sec. 6651(b).

The addition to tax is applicable unless a taxpayer establishes that the failure to file was due to reasonable cause and not willful neglect.  Sec. 6651(a).  If a taxpayer exercised ordinary care and prudence, and was nonetheless unable to file the return within the date prescribed by law, then reasonable cause exists.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "[W]illful neglect" means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).

At trial, petitioner testified that she assumed that Mr. Conner would file their 1997 return jointly as he had always done so.  She also testified that this was their understanding and the reason why she did not file separately.  As previously discussed,

petitioner admitted that she had neither confirmed with her then husband that a joint return was filed for the 1997 taxable year, nor witnessed or signed such a return.  Finally, petitioner testified that she would have been unable to file separately for 1997 because Mr. Conner had withheld income tax documents from her.  Again, as previously discussed, we believe that petitioner was either in possession or could have easily acquired the necessary documents to file a separate return for 1997.  Moreover, we believe Mr. Conner's testimony that he neither kept the aforementioned documents from petitioner nor agreed to file a joint return "on their behalf" for taxable year 1997.

Petitioner's failure to file a Federal tax return for 1997 was not due to reasonable cause.  Petitioner failed to exercise ordinary care in assuring that a joint return was filed and willfully neglected to file a separate return in the alternative.

Petitioner's 1997 Federal income tax return was due on April 15, 1998.  Petitioner never filed a return and failed to show that she exercised ordinary care and prudence in this case.  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1).  Respondent is sustained on this issue.

b.  Section 6654(a)

Respondent also determined that petitioner is liable for an addition to tax for the underpayment of estimated tax pursuant to

section 6654(a) for taxable year 1997.  The Commissioner's initial burden with respect to this penalty is to come forward with evidence that it is appropriate to apply the penalty to a taxpayer.  This obligation, however, is conditioned upon the taxpayer's assignment of error with respect to the Commissioner's penalty determination.  In this case, petitioner had not assigned error with respect to the section 6654(a) penalty.  In Swain v. Commissioner, 118 T.C. 358, 364-365 (2002), this Court held that a taxpayer who fails to assign error to a penalty is deemed under Rule 34(b)(4) to have conceded the penalty, notwithstanding that the Commissioner failed to produce evidence that the imposition of the penalty is appropriate.

As petitioner did not assign error with respect to respondent's application of the section 6654(a) penalty, we deem that issue conceded.  Accordingly, we conclude petitioner is liable for the addition to tax pursuant to section 6654(a) for taxable year 1997.

To reflect the foregoing and respondent's concession,

Decision will be entered for respondent, except as to the addition to tax pursuant to section 6651(a)(2).