T.C. Summary Opinion 2009-79

UNITED STATES TAX COURT

MORRIS E. GEORGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16522-07S.              Filed May 19, 2009.

Morris E. George, pro se.

<u>Kathleen K. Raup</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner is liable for self-employment tax on $20,794 he received from Staffing Plus, Inc., in 2003.[1]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time petitioner filed his petition, he resided in Pennsylvania.

During 2003 petitioner attended Winchester University while working as a self-employed social worker counseling children with behavior problems. He graduated in 2006 with a degree in sociology. During 2003 petitioner also worked at three part-time jobs. The sole income in dispute is $20,974 he received from Staffing Plus, Inc. (Staffing Plus). Staffing Plus contracted with school districts to provide social workers and under this arrangement assigned petitioner to various schools to provide counseling. Petitioner did not receive vacation time or sick leave from either Staffing Plus or the school districts.

---

[1]The notice of deficiency included a sec. 6651(a)(1) addition to tax for failure to file (late filing of) the 2003 Federal income tax return. Petitioner did not dispute the addition in his petition or at trial. Therefore, petitioner is deemed to have conceded the issue. See Rule 34(b)(4); Swain v. Commissioner, 118 T.C. 358, 364-365 (2002).

Staffing Plus reported the $20,974 on Form 1099-MISC, Miscellaneous Income. On June 14, 2006, petitioner filed his 2003 Federal income tax return reporting wages of $3,644 from his three part-time jobs but omitting the $20,974 he received from Staffing Plus. In a letter dated July 6, 2006, the Internal Revenue Service notified petitioner that he had failed to report the $20,974 in income. On July 14, 2006, petitioner filed a second Form 1040, U.S. Individual Income Tax Return, for 2003 reporting the $20,974 from Staffing Plus as "Other income" on line 21 of the Form 1040, but he did not compute self-employment tax.

Respondent issued a notice of deficiency dated May 24, 2007, determining an increase in Federal income tax of $2,964 based on petitioner's failure to report self-employment tax on the $20,974 and other related computational adjustments and a $712.50 addition to tax under section 6651(a)(1) for petitioner's failure to timely file his 2003 tax return.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), the burden may shift to the Commissioner regarding factual matters if the taxpayer produces credible

evidence and meets the other requirements of the section. Petitioner did not argue for a burden shift, and he did not fulfill the requirements of section 7491(a); therefore, the burden remains with him. With respect to the addition to tax under section 6651(a)(1), section 7491(c) places the burden of production on the Commissioner.

Section 1401 imposes a tax on self-employment income for old age, survivors, disability insurance, and hospital insurance. Sec. 1401(a) and (b); sec. 1.1401-1(a), Income Tax Regs. Petitioner's liability for self-employment tax therefore turns on whether he had self-employment income.

Services performed as an independent contractor give rise to self-employment income. See sec. 1402(c)(2) and (3); Jackson v. Commissioner, 108 T.C. 130, 133-134 (1997). Initially, we read the petition as raising the issue of whether petitioner is subject to self-employment tax. Petitioner implies that he is an employee and not an independent contractor. However, the following reasons leave no doubt that petitioner was an independent contractor during 2003 when he received the $20,974.

First, petitioner acknowledged to respondent in a discussion before trial that the $20,794 from Staffing Plus was properly categorized as "Other income" unlike the compensation received from the three part-time jobs which he reported as wages. Second, petitioner conceded in the stipulation of facts and on

record that he was an independent contractor. Third, Staffing Plus reported the $20,974 on a Form 1099-MISC and not on a Form W-2, Wage and Tax Statement.

Petitioner's sole argument at trial was that he was unable to pay the self-employment tax because he had to pay college expenses, medical bills, and other personal expenses. The statute simply does not provide an exception for inability to pay. The statute imposes self-employment tax on taxpayers with net earnings from self-employment of $400 or more. Sec. 1402(b)(2). Accordingly, for the foregoing reasons, we sustain respondent's determination that petitioner is subject to self-employment tax.

To reflect our disposition of the issue,

<u>Decision will be entered for respondent</u>.