T.C. Memo. 2014-126

UNITED STATES TAX COURT

CHRIS ALLEN AMBROSIUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22029-12.                    Filed June 23, 2014.

R included in P's gross income a portion of P's salary received from his employment as a Junior Reserve Officers' Training Corps instructor that P claims represents nontaxable amounts received as military allowances.

1. <u>Held</u>:  P did not receive any nontaxable "allowances" from the Federal Government because he was employed by the Baltimore City Public School System and was not on active duty.

2. <u>Held</u>, <u>further</u>, P is liable for an accuracy-related penalty.

Chris Allen Ambrosius, pro se.

<u>Nancy M. Gilmore</u>, for respondent.

[*2]                          MEMORANDUM OPINION

HALPERN, Judge:  Respondent determined a deficiency in petitioner's 2010 Federal income tax of $6,300 and an accuracy-related penalty of $1,269.

Unless otherwise stated, all section references are to the Internal Revenue Code in effect for 2010, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Introduction

The parties have submitted this case for decision on stipulated facts without a trial pursuant to Rule 122.  On September 30, 2013, we ordered the parties to file simultaneous opening briefs by November 26, 2013, and reply briefs by January 10, 2014.  Petitioner failed to file his opening brief, and we allowed him an additional month in which to file.  He again failed to do so.

Petitioner resided in Pennsylvania when he filed the petition.  Respondent's principal adjustment giving rise to his determination of a deficiency in petitioner's tax results from his inclusion in petitioner's gross income of $32,742 petitioner received from his employment as a Junior Reserve Officers' Training Corps (JROTC) instructor.  Respondent made other minor adjustments to certain

[*3] deductions and credits that petitioner claimed on his return. Because petitioner does not challenge these adjustments in the petition, we deem him to have conceded them and will not address them. Swain v. Commissioner, 118 T.C. 358, 362 (2002). Respondent concedes that petitioner is entitled to an additional deduction of $3,437 on Schedule A, Itemized Deductions, for taxes paid to the State of Pennsylvania in 2010.

## Petitioner's employment

In 2003 petitioner retired as a first sergeant from the U.S. Army (Army). During 2010, petitioner was employed by the Baltimore City Public School System (BCPSS) as a JROTC instructor. For that work, BCPSS paid him $69,735 in salary in 2010. Petitioner reported on his 2010 return salary payments of only $36,993.

## JROTC instructor pay

Pursuant to Department of Defense directives concerning the pay of JROTC instructors, petitioner was paid a salary as a JROTC instructor equal to the difference between his retired pay and the amount he would have been paid if he were still on active duty, including basic pay plus active duty allowances. Petitioner argues in his petition that, although some portion of his salary is includible in his 2010 gross income, the remainder represents nontaxable amounts

**[\*4]** received as military subsistence, uniform allowances, and commutation of quarters.

## Discussion

### I.     Introduction

We are left with only two issues to decide, and, although we could declare petitioner in default with respect to those issues for failure to file a brief, see Rule 123; Stringer v. Commissioner, 84 T.C. 693 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986), we will nevertheless address those issues to provide petitioner with guidance for later years.

### II.     Exclusion for subsistence, uniform, and quarter "allowances"

Petitioner does not dispute the receipt of the omitted income but rather its characterization as taxable compensation. Section 61(a) defines gross income as all income from whatever source derived. Generally, pay of persons active in the armed forces falls within the scope of section 61(a) and is taxable. See sec. 1.61-2(a)(1), Income Tax Regs. Moneys received as military subsistence, uniform allowances, and amounts received as commutation of quarters, however, are excluded from gross income. See sec. 1.61-2(b)(1), Income Tax Regs.

To be entitled to the allowance for subsistence and housing one must be a member of a uniformed service entitled to basic pay. See 37 U.S.C. secs. 402-403

**[*5]** (2006). To qualify for basic pay one must be on active duty, or if not on active duty, be participating in full-time training, training duty with pay, or other full-time duty, as provided by law. See id. sec. 204(a). Title 37 U.S.C. secs. 415(a)(1) and (2) and 416(a) provide an allowance for uniforms under certain conditions, but both require the officer to be on "active duty" to be eligible for the allowance. Military retirees who are JROTC instructors "are members of the Armed Forces not on active duty." Army Regulation (AR) 145-2, para. 4-3 (Feb. 24, 2000).

The Army has set forth regulations specifying the manner in which retired members hired as JROTC instructors will be paid by the employing secondary school. See id. para. 4-19. In particular, the pay of retired military personnel hired as JROTC instructors is calculated "in the amount that, when added to their retired pay will equal the amount of their active duty pay and allowances". Id. para. 4-19(a). AR 145-2, para. 4-20 states: "Although an instructor may receive an amount 'equal' to the military pay and allowances he or she would receive if on active duty, the payments he or she receives are not, in fact, military pay and allowances paid by the Army."

We assume that petitioner would argue that the parity in the compensation of retired and active duty members entitles him to the same exclusion afforded to

**[\*6]** active duty military members. However, the issue petitioner raises has already been addressed by this Court. See Lyle v. Commissioner, 76 T.C. 668 (1981), aff'd without published opinion, 673 F.2d 1326 (5th Cir. 1982).

In Lyle v. Commissioner, 76 T.C. at 674-675, we explained that retired service members serving as JROTC instructors do not receive nontaxable "allowances". As discussed above, members of the military entitled to receive "basic pay" are permitted an allowance for military subsistence and amounts received as commutation of quarters. See 37 U.S.C. secs. 402-403. Petitioner does not qualify for the allowance because he does not receive "basic pay". He did not receive "basic pay" because he was not on "active duty" in tax year 2010. See id. sec. 204(a). Petitioner was not on "active duty" because, as a retired military JROTC instructor, he is considered a member of the armed forces who is "not on active duty." AR 145-2, para. 4-3; see also 10 U.S.C. sec. 2031(d)(2) (2006).

We further noted in Lyle v. Commissioner, 76 T.C. at 674:

> Although the Federal Government reimburses the school districts for one-half the "additional amount" paid to the retired officers, the responsibility for disbursing these funds and determining the ultimate amount of the retired officers' compensation rests with the employing school. Since the school, and not the Federal Government, is the employer, it is difficult to see how any compensation petitioner received from the school could be considered

[*7] a subsistence or quarters allowance received from the Federal Government. * * *

Here too, while petitioner served as a JROTC instructor, his sole employment relationship was with the BCPSS. Therefore, although petitioner's pay as a JROTC instructor was computed on the basis of his hypothetical basic pay and allowances, he did not receive any nontaxable quarters, uniform, or subsistence "allowances" from the Federal Government.

III.   Penalty

Section 6662(a) provides for an accuracy-related penalty equal to 20% of any underpayment of tax required to be shown on a return. That penalty is added to the portion of any underpayment which is attributable to, among other things, a substantial understatement of income tax. Sec. 6662(b)(2). The term "understatement" means the excess of the amount of the tax required to be shown on the return for the taxable year, over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). There is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A).

**[\*8]**   Petitioner did not specifically challenge respondent's application of the section 6662(a) penalty.  By challenging the deficiency that gives rise to the penalty, however, he impliedly challenges the penalty itself.  Respondent bears the burden of production; i.e., he must come forward with evidence that imposition of the penalty is appropriate.  See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Petitioner substantially understated his income tax for the 2010 taxable year.  Respondent provided the amount and source of the unreported gross income determined in the 2010 notice of deficiency and respondent's brief.  Even given the $3,437 Schedule A deduction respondent concedes that petitioner is entitled to, it appears to us that petitioner's understatement of income tax for 2010 exceeds the $5,000 threshold, which is greater than 10% of the tax required to be shown on the return.  Any disagreement can be settled in the Rule 155 computation.[1]  Accordingly, we conclude that respondent has produced sufficient evidence to show that the section 6662(a) penalty is appropriate unless petitioner proves that there was reasonable cause for the underpayment and that he acted in good faith.  See sec. 6664(c).

---

[1]If the Rule 155 computation determines that there is no substantial understatement under sec. 6662(d)(1)(A), petitioner will not be liable for the accuracy-related penalty.  In this connection we note, because the penalty was not sought on the basis of negligence, we need not address that issue.

[*9]   Petitioner bears the burden of proving that he is not liable for the accuracy-related penalty because he acted with reasonable cause and in good faith.  See Higbee v. Commissioner, 116 T.C. at 446-448.  That determination is based on all facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioner presented no evidence indicating reasonable cause for the underreported income or that he acted in good faith.  Moreover, he did not challenge the penalty in his petition.  Consequently, we find that petitioner failed to carry his burden of proving he acted with reasonable cause and in good faith with respect to his failure to report all income earned.  Therefore, he is liable for the accuracy-related penalty under section 6662(a).

Decision will be entered under Rule 155.