T.C. Summary Opinion 2008-142

UNITED STATES TAX COURT

BERNIE RILEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12531-07S.              Filed November 12, 2008.

Bernie Riley, pro se.

<u>Kimberly W. Chowning</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,268 in petitioner's Federal income tax for the taxable year 2004. The 2004 deficiency stemmed from the disallowance of rental expenses in excess of rental income for a vacation property owned by petitioner.

Respondent also determined a deficiency of $6,678 in petitioner's Federal income tax for the taxable year 2005. The 2005 deficiency stemmed from a disallowance of rental expenses in excess of rental income from the same vacation property, as well as the disallowance of rental expenses in excess of rental income for the property that petitioner uses as her primary residence. Additionally, respondent determined that for 2005 petitioner was liable for both an accuracy-related penalty of $1,335.60 under section 6662(a) and an addition to tax of $973.65 for failure to timely file under section 6651(a)(1).

After concessions by respondent,[2] the three issues remaining for decision are:

---

[2] Respondent conceded prior to trial that certain calculations in the 2005 notice of deficiency were erroneous, and that the deficiency in petitioner's Federal income tax for 2005 should be $4,450. See sec. 469. Accordingly, respondent conceded the sec. 6662(a) penalty and revised the sec. 6651(a) addition to tax to $639.45. See secs. 6662(d)(1)(A)(ii), 6651(a)(1), (b)(1).

(1) Whether petitioner is entitled to deduct rental expenses claimed in excess of her rental income from the vacation property for either taxable year. We hold that she is not;

(2) whether petitioner is entitled to deduct rental expenses claimed in excess of rental income she received from renting a portion of her personal residence in 2005. We hold that she is not;

(3) whether petitioner is liable for an addition to tax for failure to timely file her 2005 Federal income tax return. We hold that she is not.

### Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulations of facts.

At the time the petition was filed, petitioner was a resident of Illinois.

During the taxable years at issue, petitioner owned undeveloped property in Lee County, Illinois (the Woodhaven Lakes property). The Woodhaven Lakes property had been in petitioner's family for a long time. Located in Sublette, Illinois (about 2 hours outside Chicago), the property is part of an area which Wikipedia describes as being a "privately owned camping resort". See http://en.wikipedia.org/wiki/Woodhaven_Lakes. Petitioner's testimony supports this description.

Petitioner and her family would drive to the Woodhaven Lakes property to fish and get away from the city in the summer. When petitioner took her grandchildren, they would stay the whole summer. Petitioner went to the Woodhaven Lakes property with her grandchildren in 2004 and 2005.

The Woodhaven Lakes property actually comprised two contiguous lots. However, the two lots were treated as a single piece of property, and, when petitioner's family sold the Woodhaven Lakes property in 2007, the two lots were sold together. On one side of the property stood a converted camper trailer; the other side was completely unimproved.

When petitioner and her grandchildren went for the summer, they stayed on the unimproved side of the land in a "pop-up trailer". A handyman lived in the camper trailer. He acted as a caretaker for the property and the camper trailer itself;[3] he also performed maintenance work for petitioner and other residents of the area. In exchange for these services, petitioner charged the handyman below-market rent.

Petitioner properly reported the rent she received ($500 in 2004 and $1,500 in 2005) on her tax returns. Because of the expense of owning and maintaining the property, petitioner

---

[3] Raccoons caused a considerable amount of damage when the camper trailer was left uninhabited.

claimed losses in both 2004 and 2005 stemming from the Woodhaven Lakes property.

In addition to the Woodhaven Lakes property, petitioner owns a home in Chicago (the Chicago property). The Chicago property was her primary residence, and she lived there with some of her grandchildren. Petitioner rents the finished basement of her home to her son and daughter-in-law. The basement apartment has a full bath, a family room, a dining room, a kitchen, and a bedroom. It also has its own entrance to the outside.

Petitioner reported the $5,896 of rental income she received from her son and daughter-in-law on her 2005 Federal income tax return. She filed her 2005 return on June 26, 2006. Petitioner did not request an extension of time to file her return for 2005.

On April 19, 2007, respondent mailed to petitioner a notice of deficiency for the 2004 and 2005 tax years. In the notice of deficiency, respondent adjusted petitioner's deductions related to rental expenses for the Woodhaven Lakes property for both years because petitioner used the property as a "residence". For 2004, respondent allowed $500 of the $692 claimed real estate tax deduction; the remaining $192 was allowable as an itemized deduction. For 2005, respondent allowed the $138 claimed real estate tax deduction and the $934 claimed mortgage interest deduction. Respondent also allowed $428 of the $555 claimed for rental insurance premiums in 2005. Respondent disallowed

petitioner's deductions for all other expenses related to the Woodhaven Lakes property for 2004 and 2005 as they exceeded the amounts of rental income received in those years.

Respondent also adjusted petitioner's rental expense deductions for the basement apartment in her home for 2005 because she used the Chicago property in its entirety for "personal use". Respondent allowed deductions for one-half of the mortgage interest expense and one-half of the real estate taxes as rental expenses; the other half of each of those expenses was allowed as an itemized deduction, and the remainder of the claimed expenses were disallowed to the extent that they exceeded the rental income received for that property in 2005. Respondent also determined an addition to tax under section 6651(a) for the late filing of petitioner's 2005 Federal income tax return.

Discussion

## I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving those determinations wrong. Rule 142(a); INDOPCO, Inc. v Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to

ascertaining the taxpayer's tax liability.  In this case there is no such shift because petitioner neither alleged that section 7491 was applicable nor established that she fully complied with the requirements of section 7491(a)(2).  The burden of proof remains on petitioner.

II.  The Woodhaven Lakes Property

The issue here is whether petitioner is entitled to additional deductions for expenses she incurred maintaining the Woodhaven Lakes property.

Section 212(2) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income.  No deduction is permitted for personal, living, or family expenses.  Sec. 262(a).

Section 280A limits otherwise allowable deductions by individuals with respect to a "dwelling unit" that is used by the taxpayer during the year as a "residence".  Sec. 280A(a). Deductions related to the rental of a dwelling unit are exempt from the section 280A(a) limitation, provided that the property is not used as a residence.  Sec. 280A(c); see also sec. 280A(e). A taxpayer uses a dwelling unit as a "residence" if his or her personal use exceeds the greater of 14 days or 10 percent of the days it is rented at fair rental value during the year.  Sec. 280A(d)(1).  Section 280A(c)(5) then limits the deduction of

expenses related to the property to the excess of gross income from the property over deductions allocable to the rental use that are deductible regardless of the rental use, such as interest and taxes. See sec. 280A(b).

Although petitioner did not charge the handyman market-rate cash rent, we are unable to ascertain from the facts of this case whether the rent she did charge was fair rental value given the services he provided to petitioner in maintaining and caring for her property and the camper trailer. What we can decide, however, is that petitioner used the Woodhaven Lakes property itself for more than 14 days in each of the years at issue.

Petitioner and her grandchildren spent the bulk of the summer in both years at the Woodhaven Lakes property, and although they did not use the mobile home, their extended stays in a pop-up camper on the property in 2004 and 2005 were sufficient to turn petitioner's use of the property into residence-like treatment.

Accordingly, petitioner's deductions relating to the Woodhaven Lakes property for each of the years in issue are limited by section 280A. As respondent has already allowed petitioner the maximum deduction for each year, we hold for respondent on this issue.

III.   The Chicago Property

Much like with the Woodhaven Lakes property, the issue here is whether petitioner is entitled to deductions for rental expenses beyond those already permitted by respondent with regard to her home in Chicago.  In other words, did petitioner rent out a designated portion of her home for fair rental value or was the entire property--including the basement apartment in which her son and daughter-in-law lived--her residence for tax purposes such that section 280A would limit petitioner's expense deductions with regard to that property?

According to the Internal Revenue Code, each day that a dwelling unit is rented at less than fair rental value is deemed used by the taxpayer for "personal purposes".  Sec. 280A(d)(2)(C); see sec. 280A(d)(2)(A).  Further, if a member of the taxpayer's family uses the dwelling unit as a principal residence, a personal purpose is attributed to the taxpayer unless the property is leased for a fair rental.  See secs. 280A(d)(2)(A), (3)(A), 267(c)(4).  As noted earlier, no deduction is permitted for personal, living, or family expenses.  Sec. 262(a).

Unfortunately, petitioner did not introduce any evidence regarding fair market rents for 2005 in her neighborhood to permit a comparison with the amount of rent she received from her son and daughter-in-law.  In the absence of such evidence, we

have no way to find that the amount petitioner's son and his wife paid for use of the apartment was at a fair value rate, and we are unable to hold for petitioner on this issue.

In the absence of further information and given petitioner's testimony, it appears that the rent paid to petitioner reflected the incremental costs and expenses attributable to additional people living in the house; it was not reflective of a fair rental value paid with an eye toward either profit or housing cost recoupment.

Because respondent has already permitted petitioner a deduction for those expenses that would be deductible without regard to rental activity, we hold for respondent on this issue.

IV. The Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date. The addition equals 5 percent for each month or fraction thereof that the return is late, not to exceed 25 percent. Id. Respondent bears the burden of production with respect to the addition to tax. See sec. 7491(c); see also, e.g., Swain v. Commissioner, 118 T.C. 358, 363 (2002); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent has met his burden.

If the taxpayer is able to prove that the failure to timely file was not the result of "willful neglect" and was "due to reasonable cause", the addition to tax will not be imposed.

<u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); see sec. 301.6651-1(c), Proced. & Admin. Regs.; sec. 1.6161-1(b), Income Tax Regs.

Petitioner, a senior citizen, has had severe health problems, including suffering the lingering effects of a stroke. She is also a caregiver to her five grandchildren as one son is deployed in Iraq and the other suffers from spina bifida. Petitioner's failure to timely file was not the result of willful neglect and was due to reasonable cause. Accordingly, we hold that petitioner is not liable for the addition to tax under section 6651(a)(1) for 2005.

V. <u>Conclusion</u>

To reflect our disposition of the disputed issues, as well as respondent's concessions,

<u>Decision will be entered for petitioner as to the addition to tax under section 6651(a)(1) for 2005 and as to the accuracy-related penalty under section 6662(a) for 2005, and decision will be entered for respondent as to the deficiency for 2004 and as to the reduced deficiency for 2005.</u>