T.C. Summary Opinion 2009-25

UNITED STATES TAX COURT

MICHEAL AND CHANTEL DAVIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10199-07S.                Filed February 23, 2009.

Gwendolyn Baptist-Hewlett, for petitioners.

Caroline R. Krivacka, for respondent.

KROUPA, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]All section references are to the Internal Revenue Code for
the years at issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure, unless otherwise indicated.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $10,302 deficiency in petitioners' Federal income tax for 2003, a $27,723 deficiency for 2004, and a $14,301 deficiency for 2005. Respondent also determined a $2,060.40 accuracy-related penalty under section 6662 for 2003, a $5,544.60 accuracy-related penalty for 2004, and a $2,860.20 accuracy-related penalty for 2005.

We must decide three issues. First, we determine whether petitioners are entitled to deduct certain unreimbursed employee business expenses and a casualty loss claimed on Schedules A, Itemized Deductions, beyond those respondent already allowed. We hold that they are not. Second, we decide whether petitioners received but failed to report self-employment income for 2003, 2004, and 2005 (the years at issue). Finally, we decide whether petitioners are liable for the accuracy-related penalties for the years at issue. We hold that they are.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioners resided in Tennessee at the time they filed the petition.

Petitioners were both full-time employees during each of the years at issue. Petitioner wife was employed by the U.S.

Department of Agriculture, and petitioner husband was employed by BellSouth. Petitioner husband also did some freelance work in the music business, and petitioner wife did some freelance printing work.

Petitioners timely filed their joint Federal income tax return for each of the years at issue. Petitioners reported $97,756 of income for 2003 and claimed $77,885 of Schedule A expenses. Petitioners reported $100,517 of income for 2004 and claimed $76,624 of Schedule A expenses. Petitioners reported $107,165 in income for 2005 and claimed $84,227 of Schedule A expenses.

Petitioners' wages from the Department of Agriculture and BellSouth were directly deposited into their joint bank account. Petitioners also deposited significant non-wage amounts of money (cash or checks) into their account. The non-wage deposits included at least $15,013.42 during 2003, $23,931.71 during 2004, and $11,003.71 during 2005.

Petitioners each claimed substantial expenses for the years at issue relating to their freelance work. Petitioner wife claimed expenses of $12,805 for 2003 and $2,873 for 2004 for her printing business. Petitioner husband claimed expenses of $16,394 for 2004 and $9,264 for 2005 in freelance DJ and music producing activities. Petitioner wife reported no income from the printing business for any of the years, but her own records

reflect that she received at least $2,127.25 in 2003, $85 in 2004, and $300 in 2005. The $12,805 expense amount claimed for 2003 consists of $6,480 in vehicle expenses for 18,000 business miles, $375 for parking fees, tolls, and transportation, $1,500 for overnight travel expenses, $4,050 for other business expenses, and $400 for meals and entertainment. The $2,873 expense amount claimed for 2004 consists of $1,313 in vehicle expenses for 3,500 business miles, $275 in parking fees, toll, transportation expenses, $460 on overnight travel expenses, $600 on other business expenses, and $225 in meals and entertainment.

Petitioner husband reported no income from his freelance business, yet he admitted to the Appeals officer that he had earned some income. The $18,379 expense amount claimed for 2004 consists of $8,194 in vehicle expenses for 21,850 business miles, $175 in parking fees, toll, and transportation, $2,875 for overnight travel expenses, $5,150 for other business expenses, and $1,985 for meals and entertainment. The $9,264 expense amount claimed for 2005 consists of $7,744 in vehicle expenses for 17,500 business miles, $70 in parking fees, toll, and transportation, $525 for overnight travel expenses, $675 for other business expenses, and $250 for meals and entertainment.

A house fire destroyed many of petitioners' belongings in 2004. Petitioners provided as evidence a list of the destroyed items that they submitted to their insurance company. Many of

the items listed had been purchased during the two years before the fire.  Petitioners received $44,326.43 in insurance proceeds after the fire.  Respondent issued a deficiency notice disallowing the claimed expenses and casualty loss while increasing petitioners' income and determining that they are liable for accuracy-related penalties.

Petitioners timely filed a petition.

## Discussion

This is primarily a substantiation case in which we are asked to decide whether petitioners may deduct certain expenses from their freelance "businesses" to essentially offset their wage income and whether they may claim a casualty loss.  We also decide whether petitioners earned but failed to report self-employment income and whether they are liable for accuracy-related penalties for negligence.[2]  The parties resolved the other issues before trial.

Burden of Proof

We begin with the burden of proof.  Generally, the Commissioner's determinations in a deficiency notice are presumed correct, and the taxpayer has the burden of proving the

---

[2]Petitioners argue on brief that this Court lacks jurisdiction with respect to 2003, claiming that the deficiency notice was mailed after the expiration of the period of limitations for that year.  See sec. 6501(a).  This argument is without merit as the deficiency notice was mailed within 3 years of petitioners' filing the return for 2003.

Commissioner's determinations to be in error. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111 (1933). The burden of proof may shift to the Commissioner in certain circumstances, however, if the taxpayer introduces credible evidence and establishes that he or she substantiated items, maintained required records, and fully cooperated with the Commissioner's reasonable requests. Sec. 7491(a)(1) and (2)(A) and (B). We find that petitioners failed to provide credible evidence, failed to substantiate the claimed expenses, and failed to maintain adequate records. We acknowledge that some of their records may have been destroyed in the house fire, but petitioners failed to show how the lack of records for 2005 was attributable to the fire. The burden of proof therefore remains on petitioners.

## Substantiation

Petitioners claimed substantial vehicle, overnight travel, and meals and entertainment expenses from their freelance businesses that essentially offset their $100,000 joint wage income. Petitioners claimed these expenses on Forms 2106, Employee Business Expenses. Petitioners improperly claimed these expenses as unreimbursed employee business expenses. Petitioner wife was a Federal employee, but she failed to prove that any of the expenses were attributable to her Federal job. These expenses are more properly reported on a Schedule C, Profit or Loss From Business, as business expenses if petitioners incurred

them in a trade or business.  Petitioners failed to prove that they incurred these expenses in a trade or business and also failed to prove that they were entitled to deductions for these expenses.[3]

Petitioners failed to substantiate any of the expenses other than by providing self-serving testimony.  We are not required to accept a taxpayer's self-serving testimony when it is uncorroborated by other evidence.  Beam v. Commissioner, T.C. Memo. 1990-304 (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)), affd. without published opinion 956 F.2d 1166 (9th Cir. 1992).  We therefore sustain respondent's adjustments with respect to these expenses.

Casualty Loss Deduction

We next address whether petitioners are entitled to a casualty loss deduction.  A taxpayer is allowed a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise.  Sec. 165(a).  A taxpayer may deduct a loss from fire, storm, shipwreck, or other casualty, or from theft.  Sec. 165(c)(3).  A taxpayer's basis in the damaged or destroyed property must be known to determine a casualty loss deduction.  Where a taxpayer fails to prove his or her basis, we are unable to determine the amount of the casualty loss that is

---

[3]A taxpayer is generally permitted to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business.  Sec. 162(a).

deductible.  <u>Zmuda v. Commissioner</u>, 79 T.C. 714, 727 (1982),
affd. 731 F.2d 1417 (9th Cir. 1984); sec. 1.165-1(c), Income Tax
Regs.

Petitioners presented no evidence that they are entitled to
the casualty loss that they claimed for 2005 after the fire.
Petitioners never provided the complete insurance reimbursement
record.  They included no information to support their claimed
losses other than their own testimony and a chart that they
prepared themselves.  The chart included a disproportionately
high number of items that were purchased during 2003 and 2004,
the years immediately before the fire.  Petitioners also
presented no receipts for these items.  Moreover, we fail to see
how petitioners could have purchased these items during 2003 and
2004 when they had so little disposable income after their
expenses.  Additionally, petitioners received insurance proceeds
from the fire yet failed to prove that the damages they sustained
exceeded the amount of insurance proceeds.  We do not find the
evidence or any of the testimony credible, and accordingly, we
sustain respondent's determination regarding the casualty loss
deduction.

<u>Unreported Income</u>

Respondent also determined that petitioners received
unreported self-employment income by comparing the amounts
deposited into their bank account in excess of their wage income.

Bank deposits are prima facie evidence of income. Tokarski v. Commissioner, supra. Petitioners bear the burden of proving that respondent's bank deposits analysis is incorrect. See Parks v. Commissioner, 94 T.C. 654, 658 (1990). Petitioners argue that some unexplained deposits were gifts from petitioner wife's mother to help pay for petitioners' son's private school tuition. Although petitioner wife's mother testified and corroborated their story, the record is vague regarding the amount and frequency of her deposits. In addition, petitioners did not produce checks or receipts to corroborate any gifts exceeding the gift amounts respondent already allowed.

Other amounts were attributed to what petitioners characterized as using their account as a conduit between a family friend, Ms. McKay, and her parents for the amounts of $10,015 in 2003, $10,044 in 2004, and $2,222 in 2005. Petitioner wife and Ms. McKay testified that Ms. McKay's parents used petitioners' bank account to get money to Ms. McKay because Ms. McKay did not have a bank locally. There were cash amounts shown deposited to petitioners' bank account. In addition, petitioners provided some checks made payable to Ms. McKay to prove that they were acting as a conduit. We give no weight to this evidence however, because Ms. McKay provided child care services for petitioners during 2003, and they purchased goods from her. Also, the amounts of the checks made payable to Ms. McKay were

not the same as amounts deposited into petitioners' account. It is unclear whether Ms. McKay's parents used petitioners' account for the purposes petitioners claim or in the amounts they claim. Moreover, we did not find petitioner wife or Ms. McKay credible.

We sustain respondent's determination regarding unreported self-employment income petitioners received.

Accuracy-Related Penalties

We finally consider whether petitioners are liable for the accuracy-related penalties under section 6662(a). Petitioners conceded the issue of the penalties because they failed to challenge the accuracy-related penalties in the petition. See Swain v. Commissioner, 118 T.C. 358 (2002). Even if petitioners had raised the issue in their petition, however, we would still find them liable for the penalties.

Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that it is appropriate to impose the accuracy-related penalties. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

A taxpayer is liable for an accuracy-related penalty for any portion of an underpayment attributable to negligence or disregard of rules and regulations, unless he establishes that there was reasonable cause for the underpayment and that he acted in good faith. Secs. 6662(a) and (b)(1), 6664(c)(1). Negligence is defined as any failure to make a reasonable attempt to comply

with the provisions of the Code and includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard is characterized as any careless, reckless, or intentional disregard. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. Disregard of rules and regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Kooyers v. Commissioner, T.C. Memo. 2004-281.

We find that respondent has met his burden of production. Petitioners failed to report taxable income they received and claimed deductions for expenses without proving how they were entitled to deduct these expenses. Petitioners aggressively and unreasonably claimed expenses that essentially offset their joint income of $100,000 for each of the years at issue. Moreover, if petitioners had actually paid the claimed expenses, they would not have had sufficient income to provide food and shelter for their family of five. We therefore conclude that petitioners failed to exercise reasonable diligence to determine the correctness of their return positions and accordingly, they are liable for the accuracy-related penalty for each of the years at

issue.  Petitioners also failed to prove that any reasonable cause existed.

For the foregoing reasons and because of the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.