T.C. Memo. 2009-164


UNITED STATES TAX COURT


EDILBERTO TOMAS GUERRERO AND
SALVIE VILLAFLOR GUERRERO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27203-07.                    Filed July 6, 2009.


    Edilberto Tomas Guerrero and Salvie Villaflor Guerrero, pro
sese.

    <u>Scott B. Burkholder</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

    VASQUEZ, <u>Judge</u>:  Respondent determined a $4,998 deficiency

in and a $999.60 section 6662(a)[1] penalty on petitioners

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

Edilberto Guerrero (Mr. Guerrero) and Salvie Guerrero's (Mrs. Guerrero) 2004 Federal income tax.

The issues for decision are: (1) Whether petitioners are entitled to deductions for personal property taxes, other taxes, charitable contributions, and individual retirement account (IRA) contributions; and (2) whether petitioners are liable for the section 6662(a) penalty.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time petitioners filed the petition, they resided in California.

Petitioners were notified by the IRS by letter in April 2007 that their 2004 return was being audited. The initial contact letter identified the audit issues and informed petitioners of the need to bring records supporting their position with regard to the issues presented in the letter. Mr. Guerrero contacted the auditing IRS office's group secretary on April 20, 2007, and scheduled an interview.[2] On June 7, 2007, Mr. Guerrero met with Ms. Tamara Burrell, the tax auditor assigned to his return.[3]

---

[2] Group secretaries make it a point when scheduling appointments to tell taxpayers of the substantiation requirements.

[3] Ms. Burrell testified that Mrs. Guerrero did not accompany Mr. Guerrero to the meeting. However, Mrs. Guerrero
(continued...)

At the interview, Mr. Guerrero did not provide any documentation to support the claimed deductions and contended he was entitled to those deductions without having to provide any substantiation.  Ms. Burrell informed Mr. Guerrero that the taxpayer must "maintain some semblance of record keeping" and "provide records to support the deductions", as well as "provide validity to the figures that appear on the return."

Respondent issued a notice of deficiency to petitioners disallowing $39,000 of claimed deductions comprising the following:  Personal property taxes of $3,300, other taxes (automobile registration) of $2,700, charitable contributions of $26,000, and IRA contributions of $7,000.[4]  These deductions were disallowed because petitioners failed to provide any checks, receipts, bills, invoices, letters confirming donations, or any other documents proving the payment of those amounts.

Petitioners timely filed a petition challenging respondent's denial of their claimed deductions.  A January 10, 2008, letter

---

[3](...continued)
did sign the return and the petition.

[4]  On petitioners' Schedule A, Itemized Deductions, they claimed total deductions of $40,669.  Respondent denied $32,000 of these itemized deductions:  Personal property taxes of $3,300, other taxes of $2,700, and charitable contributions of $26,000, leaving petitioners with $8,669, $1,031 less than the standard deduction of $9,700.  In adjusting the return, respondent allowed the standard deduction because it provided petitioners with a larger deduction than the allowable itemized deductions.  Petitioners claimed the IRA contributions as "above the line" deductions.

from the IRS notified petitioners they would have another opportunity to substantiate the contested deductions. Petitioners failed to provide any substantiation at this second interview.

At trial Mr. Guerrero claimed he lacked substantiating documents for the $26,000 of charitable contributions because petitioners made anonymous cash donations to their church. Mr. Guerrero also claimed he was unaware that he needed to substantiate the contributions. However, when asked whether he followed the instructions on the tax return that relate to charitable contributions over $250, Mr. Guerrero stated: "I don't have to follow [them], I just put whatever is necessary to put the deduction. This is my deduction, the cash plate that I donated." Mr. Guerrero, despite claiming he had some supporting evidence, provided no substantiation or explanation for the other claimed deductions.

Even though petitioners' gross income is not in issue, at trial Mr. Guerrero argued that gain derived from wages, salaries, and compensation for personal services is not taxable income.[5]

---

[5] In his pretrial memorandum, Mr. Guerrero cites various opinions including Lucas v. Earl, 281 U.S. 111 (1930) (he is actually quoting the syllabus accompanying the opinion, which is not considered part of the opinion), and Edwards v. Keith, 231 F. 110 (2d Cir. 1916). He contends that those cases support the proposition that gain from wages, salaries, and compensation for personal services is not within the concept of income and thus is not taxable.

At trial Mr. Guerrero was advised by the Court that his case involved deductions and not gross income, and that his position was inconsistent with and nonresponsive to the issues presented. Petitioners offered no other arguments or evidence.

OPINION

I.  Substantiation of Claimed Deductions

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to the deductions claimed.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).  The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In addition, the taxpayer bears the burden of substantiating the amount and purpose of the claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 7491(a) shifts the burden of proof to the Commissioner with respect to a factual issue affecting the tax liability of a taxpayer who meets certain preliminary conditions. Petitioners failed to cooperate with respondent and did not produce any credible evidence with respect to any matter in this case.  See sec. 7491(a).  Furthermore, petitioners did not claim

that section 7491(a) applies. Accordingly, section 7491(a) does not apply in this case.

Although Mr. Guerrero denies having knowledge of the substantiation requirement, it is clear respondent made him aware of this duty. Respondent's letters, Ms. Burrell, and this Court all informed Mr. Guerrero of his duty to substantiate the claimed deductions, yet he repeatedly failed and refused to do so. Despite petitioners' adamant denial of any duty to substantiate, it is clear taxpayers must provide records supporting their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Accordingly, because petitioners have not presented any evidence supporting the claimed deduction amounts, they have not met their burden of substantiation and are not entitled to the deductions. See Hradesky v. Commissioner, supra.

II. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of the underpayment of tax attributable to one or more of the items set forth in section 6662(b), including negligence or disregard of rules or regulations. "Negligence" is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances and includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c); Neely v. Commissioner, 85 T.C. 943, 947 (1985); sec. 1.6662-

3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

The accuracy-related penalty of section 6662 does not apply with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id.

Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of any individual for additions to tax and penalties. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate. Swain v. Commissioner, supra at 363-365.

The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority.  Higbee v. Commissioner, supra at 446-447.

Petitioners failed to provide any substantiation for the deductions respondent disallowed and claimed they were not required to do so.  Alone, a failure to substantiate deductions may be indicative of negligence.  Sec. 1.6662-3(b)(1).  Further, petitioners' repeated failures and refusals to substantiate the claimed deductions despite knowing of the substantiation requirement demonstrates an intentional disregard for section 6001.  See secs. 1.6662-3(b)(2), 1.6001-1(a), Income Tax Regs.

Petitioners have offered no evidence to contradict this inference, and their arguments presented at trial and in their pretrial memorandum do not address the issue at hand. Petitioners' reliance on Lucas v. Earl, 281 U.S. 111 (1930), and Edwards v. Keith, 231 F. 110 (2d Cir. 1916), is misplaced and reflects a misunderstanding of the issues presented in those cases.  Both cases involved assignments of income and whether income was attributable to the person who earned it.  Neither pertains directly to whether deductions must be substantiated. Thus, it cannot be said petitioners acted reasonably or in good faith.  Given this, respondent's determination of the section 6662(a) penalty is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.