T.C. Summary Opinion 2010-65

UNITED STATES TAX COURT

DOUGLAS B. AND SALLY ZIEGELER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18748-08S.                    Filed May 26, 2010.

Douglas B. and Sally Ziegeler, pro sese.

<u>Maya Solh</u>, for respondent.

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code (Code) in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, all section references are to
the Code in effect for the year in issue.

Respondent determined a $25,123 deficiency in petitioners' 2005 Federal income tax and a $5,025 accuracy-related penalty under section 6662(a). Petitioners concede liability for the $25,123 deficiency. The issue remaining for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in California.

In 2005 Douglas Ziegeler (petitioner) worked as a management consultant in the healthcare industry and Sally Ziegeler was a housewife. Petitioner received $86,577 of income from HealthFirst Medical Management Co., L.L.C. (HealthFirst),[1] which petitioners failed to report on their 2005 tax return.[2] Petitioner also received $15,000 in wages from Health First

---

[1] Petitioner held a 30-percent ownership interest in HealthFirst. Dr. Ronald Crowel, the managing member of HealthFirst, owned the remaining 70-percent interest. According to petitioner, a dispute over fee arrangements led to the termination of HealthFirst in July 2005.

[2] The parties stipulated that petitioner received $86,577 of income from HealthFirst. We note that respondent introduced into evidence checks from HealthFirst totaling only $77,585. Since neither party addressed this discrepancy at trial or on brief, we rely on the stipulated amount.

Medical Group (Health First Medical) and $142,827 in additional income from various consulting clients.

In 2005 petitioner received about six to eight checks per month from his consulting business, which he signed and deposited into a single bank account. Petitioner kept monthly totals of his income but did not separately track the amount of income he received from each source.

Randi Bach (Ms. Bach), a certified public accountant (C.P.A.), prepared petitioners' 2005 Federal income tax return. Petitioner provided Ms. Bach with his "approximate cash flow" for 2005, Forms 1099-MISC, Miscellaneous Income, from his consulting clients, and a Form W-2, Wage and Tax Statement, from Health First Medical. Petitioner did not provide Ms. Bach with a Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., from HealthFirst or any additional information that would have enabled her to calculate his income from HealthFirst.[3] Ms. Bach listed HealthFirst on Schedule E, Supplemental Income and Loss, of petitioners' Form 1040, U.S. Individual Income Tax Return, for 2005 but left the amount of income blank.[4]

---

[3] Petitioner did not receive a Schedule K-1 from HealthFirst in 2005, nor did he attempt to obtain one.

[4] Ms. Bach also prepared petitioners' 2004 Federal income tax return. Petitioner provided Ms. Bach with a Schedule K-1 from HealthFirst for 2004 that indicated petitioner received $226 of income. Ms. Bach reported the income on the Schedule E for 2004.

## Discussion

Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of any individual for additions to tax and penalties. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446-447. Once the Commissioner has met his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect. Id.

Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax (1) due to negligence or disregard of rules or regulations or (2) attributable to a substantial understatement[5] of income tax. See sec. 6662(b). "Negligence" includes any failure to make a reasonable attempt to comply with

_____

[5] "Understatement" means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A).

the provisions of the Code or to exercise ordinary care in the preparation of a return, and "disregard" means any careless, reckless, or intentional disregard.  Sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs.  A substantial understatement of income tax is defined as an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000.  See sec. 6662(d)(1)(A).

The accuracy-related penalty is not imposed with respect to any portion of an underpayment as to which the taxpayer acted with reasonable cause and in good faith.  See sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's efforts to assess his or her proper tax liability.  Id.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Id.

Good faith reliance on the advice of an independent, competent professional as to the tax treatment of an item may constitute reasonable cause.  Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98-99 (2000), affd. 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b), Income Tax Regs; see also United

States v. Boyle, 469 U.S. 241 (1985). In order to prevail on this issue, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets each requirement of the following three-prong test: (1) The adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided all necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Associates, P.A. v. Commissioner, supra at 98-99. The ultimate responsibility for a correct return lies with the taxpayer, who must furnish the necessary information to the agent who prepares the return. ASAT, Inc. v. Commissioner, 108 T.C. 147, 176 (1997).

For the 2005 tax year respondent determined that petitioners are liable for an accuracy-related penalty attributable to a substantial understatement of income tax or, in the alternative, due to negligence or disregard of rules or regulations. With regard to the substantial understatement of income tax, respondent has met his burden of production under section 7491(c). The amount of tax required to be shown on petitioners' return is $39,797. The understatement, $25,123, exceeds the greater of 10 percent of the amount required to be shown, $3,979.70, and $5,000. Therefore, we conclude that respondent has met his burden of production for his determination of the

accuracy-related penalty based on a substantial understatement of income tax.

Petitioners have failed to meet their burden of proving that they acted with reasonable cause and in good faith.  Though petitioners never received a Schedule K-1, they never requested one, nor did they make any attempt to calculate and report the income from HealthFirst.[6]  As a result, petitioners did not make a reasonable attempt to comply with the Code, nor did they exercise reasonable care in the preparation of their Federal income tax return.  Since the payments from HealthFirst account for over 35 percent of petitioners' income for 2005, their inaction is especially unreasonable.

Petitioners' contention that nonreceipt of a Schedule K-1 constitutes reasonable cause is mistaken.  See Deas v. Commissioner, T.C. Memo. 2000-204 (nonreceipt of Schedule K-1 did not constitute reasonable cause where taxpayer failed to report partnership income).  Also, the fact that a C.P.A. prepared petitioners' tax return does not establish good faith reliance on an independent, competent professional in this case.  Petitioners did not provide Ms. Bach with necessary and accurate information for her to correctly determine petitioner's income.  See

---

[6]  HealthFirst paid petitioner by check, and petitioner deposited all checks from his consulting business into a single account.  Therefore, petitioners could have determined the amount of income from HealthFirst by requesting copies of canceled checks or reviewing bank records and deposit slips.

Neonatology Associates, P.A. v. Commissioner, supra at 98-99; ASAT, Inc. v. Commissioner, supra at 176. Ms. Bach credibly testified that had petitioner informed her of the income from HealthFirst, she would have reported it. Ms. Bach was not required to perform an audit of petitioner's books and records. Rather, she relied on the information petitioners provided. Petitioners' failure to report the $86,577 of income from HealthFirst was not on account of reasonable cause and in good faith.

We therefore sustain respondent's determination that petitioners are liable for the accuracy-related penalty on the underpayment. In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered
for respondent.