T.C. Summary Opinion 2012-98

UNITED STATES TAX COURT

RAQUEL S. ANTONIOUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17630-10S.                    Filed October 10, 2012.

Raquel S. Antonious, pro se.

<u>Rachel L. Schiffman</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,250 in petitioner's 2008 Federal income tax and an accuracy-related penalty of $450 under section 6662(a). The issues raised by the pleadings and tried to the Court are: (1) Whether petitioner is entitled to deduct $8,160 of rental expenses that respondent disallowed for lack of substantiation; and (2) whether she is liable for the accuracy-related penalty for negligence or disregard of rules or regulations.[2] We hold that petitioner is entitled to deduct $995 of the rental expenses disallowed by respondent and further hold that she is liable for the accuracy-related penalty.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The notice of deficiency includes an adjustment to income of $62 that petitioner never challenged. Accordingly, that adjustment is deemed to be conceded. See Rule 34(b) (4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of New York when the petition was filed.

At all times relevant petitioner worked and resided in New York City, and petitioner's parents resided together in St. Petersburg, Florida. Petitioner's mother was the sole owner of a single-family home in Largo, Florida, that she held as rental property (Florida property). In addition, petitioner's parents were the sole shareholders of a property management company called Jermc Management Corp. (Jermc) for which her father served as president. Jermc was in the business of managing rental real estate, including the Florida property.

According to petitioner and her father, sometime in 2007 petitioner entered into an agreement with her parents to rent the Florida property in order to sublet it for investment purposes with the option to purchase the property at some later date. Under the agreement as described by petitioner and her father, petitioner would pay her mother (as owner of the Florida property) rent of $750 per month beginning on October 1, 2007. Pursuant to the agreement, petitioner would also pay utility expenses of $360 per year. To memorialize the agreement, petitioner and her mother signed a purported lease drafted by petitioner's father.

Petitioner never resided at the Florida property. Petitioner's father, as president of Jermc, managed the Florida property for her mother in general and for petitioner as a lessee of the property.

In 2008 petitioner's father entered into an oral agreement with a family friend to sublet the Florida property on a month-to-month basis for $1,200 per month. The family friend moved out of the Florida property after the first month, however, and petitioner's father was unable to find another tenant in 2008. Consequently, petitioner received only $1,200 of rental income from the Florida property during 2008.

Petitioner's father prepared her 2008 Federal income tax return. Attached to that return was a 2008 Schedule E, Supplemental Income and Loss, on which petitioner reported $1,200 of rental income and claimed rental expenses of $9,360 with respect to the Florida property.

In a notice of deficiency respondent allowed a deduction for $1,200 of the claimed rental expenses but disallowed the remaining $8,160 because of lack of substantiation.

## Discussion

### I. Rental Expenses

We begin with several fundamental principles of tax litigation that inform our decision in this case. First, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[3] See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Second, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. See Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. at 115. Further, taxpayers must maintain adequate records to substantiate the deductions claimed on their

---

[3] Pursuant to sec. 7491(a)(1), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. However, sec. 7491(a)(1) applies only if, inter alia, the taxpayer has complied with the substantiation and recordkeeping requirements of the Internal Revenue Code. See sec. 7491(a)(2)(A) and (B). Petitioner neither alleged that sec. 7491(a)(1) was applicable nor established that she complied with the requirements of sec. 7491(a)(2). Accordingly, the burden of proof remains on petitioner.

Federal income tax returns.[4] See sec. 6001; sec. 1.6001-1(a), Income Tax

Regs.; see also Bailey v. Commissioner, T.C. Memo. 2012-96, 2012 WL 1082928,

at *17.

Third, the Court is not bound to accept as gospel the unverified and

undocumented self-serving testimony of a taxpayer. Tokarski v. Commissioner, 87

T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per

curiam, 540 F.2d 821 (5th Cir. 1976).

Fourth, a party's failure to introduce documentary evidence that is within her

possession or control and which she implies would be favorable to her gives rise to

the presumption that, if produced, such evidence would be unfavorable. Wichita

Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d

513 (10th Cir. 1947).

---

[4] Sec. 6001 provides that "[e]very person liable for any tax imposed by this title, or for the collection thereof, shall keep such records * * * and comply with such rules and regulations as the Secretary may from time to time prescribe."

Sec. 1.6001-1(a), Income Tax Regs., provides that "any person subject to tax * * * shall keep such permanent books of account or records * * * as are sufficient to establish the amount of * * * deductions".

Sec. 1.6001-1(e), Income Tax Regs., provides that "[t]he books or records required by this section shall be kept at all times available for inspection by authorized internal revenue officers or employees, and shall be retained so long as the contents thereof may become material in the administration of any internal revenue law."

Finally, transactions between family members are generally given close scrutiny. See Caligiuri v. Commissioner, 549 F.2d 1155, 1157 (8th Cir. 1977) ("Inasmuch as this alleged debt involves an intra-family transaction, we must give particularly close scrutiny to the facts."), aff'g T.C. Memo. 1975-319; Perry v. Commissioner, 92 T.C. 470, 481 (1989) ("A purported loan between family members is always subject to close scrutiny * * * [t]he same is true as to a purported investment."), aff'd without published opinion, 912 F.2d 1466 (5th Cir. 1990); Vinikoor v. Commissioner, T.C. Memo. 1998-152, 1998 WL 201755, at *3 ("We always examine intrafamily transactions with special scrutiny."); Hunt v. Commissioner, T.C. Memo. 1989-335 ("Transactions between family members are given close scrutiny.").

A taxpayer may choose to conduct business in cash, but that choice does not relieve the taxpayer of the duty to maintain adequate records and substantiate the payment of expenses claimed on the taxpayer's return. See supra note 4. According to petitioner and her father, she did not make regular monthly rent payments of $750 but instead typically made irregular payments in cash of varied amounts whenever she had sufficient funds. However, neither petitioner nor her father could generally recall when rent payments were made or in what specific

amounts. Although petitioner claimed to maintain a spreadsheet account of her payments, that spreadsheet was never produced at trial, giving rise to the presumption that its contents would be unfavorable to her case. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. at 1165. Moreover, petitioner provided no documentary evidence regarding the $360 she allegedly paid for utility expenses. Aside from one check for $995 from her bank account made payable to her father, petitioner provided no reliable documentary evidence that any expenditure in excess of that allowed by respondent was ever made.[5]

Our close scrutiny of her family transaction as well as the inadequate documentary evidence in the record compels us to hold that petitioner failed to satisfy her burden of proof with respect to most of her claimed rental expenses. Thus, on the basis of the record as a whole, we conclude that petitioner is entitled to a deduction of only $995 in addition to the $1,200 respondent allowed with respect to her Schedule E for 2008.

---

[5] Petitioner and her father testified that the check represented a rent payment for the Florida property. Although respondent contends otherwise, we are satisfied that the check, coupled with the testimony of petitioner and her father, is sufficient to establish that petitioner paid additional rent of $995 with respect to the Florida property in 2008.

II.     Accuracy-Related Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the

Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent has proven, and has therefore discharged his burden of production under section 7491(c), that petitioner failed to keep adequate records and properly substantiate $7,165 (i.e., $8,160 - $995) of her claimed rental expenses.[6] See sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner has not met her burden of persuasion with respect to reasonable cause and good faith.[7] Thus, on the record before us, we are unable to conclude that petitioner acted with reasonable cause and in good faith within the meaning of section 6664(c)(1). Accordingly, petitioner is liable for the accuracy-related

---

[6] We do not regard respondent as having any burden of production as to the accuracy-related penalty insofar as it relates to petitioner's failure to report interest income of $62 because petitioner never raised any issue regarding the applicability of the penalty to that adjustment. See Swain v. Commissioner, 118 T.C. 358, 364-365 (2002).

[7] Petitioner was silent at trial regarding the penalty issue and did not allege that she acted with reasonable cause and in good faith regarding her failure to properly substantiate her rental expenses. On brief, petitioner had little to say regarding this issue other than to allege that "[t]he petitioner and the landlord followed all the laws set forth by the U.S. Tax Court and thus the petitioner should not be charged with any penalties." We note that statements on brief do not constitute evidence. Rule 143(c). In any event, we find petitioner's argument in this regard to be conclusory in nature and unpersuasive.

penalty under section 6662(a) on the amount of the underpayment of tax to be computed as part of the Rule 155 process.[8]

## Conclusion

We have considered all of the arguments advanced by the parties, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to our decision herein.

To give effect to our disposition of the disputed issues as well as petitioner's deemed concession,

Decision will be entered

under Rule 155.

---

[8] Petitioner also requests that all "interest be cancelled". However, apart from a few limited exceptions not applicable here, we lack jurisdiction over interest that accrues on a tax deficiency that has yet to be assessed. See McCauley v. Commissioner, T.C. Memo. 1988-431; cf. sec. 6404(h); Rules 280-284. Thus, we are bound by our jurisdictional limits and cannot adjudicate petitioner's request.