T.C. Memo. 2015-45

UNITED STATES TAX COURT

URVE V. MOYER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13991-12.                    Filed March 16, 2015.

Calvin Moyer (specially recognized), for petitioner.

Harry J. Negro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2007, the Internal Revenue Service (IRS or respondent) determined a deficiency and additions to tax under sections 6651[1] and 6654 in the following amounts:

---

[1]All statutory references are to the Internal Revenue Code in effect for the
(continued...)

[*2]                                                    Additions to tax

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-----------------|-----------------|-----------|
| 2007 | $16,644 | $3,602 | To be determined | $725 |

Petitioner had not timely filed a Federal income tax return for 2007. Using information from third-party reports, the IRS prepared a substitute for return (SFR) that met the requirements of section 6020(b). The IRS computed petitioner's tax liability using married filing separately status and allowed her the standard deduction and one personal exemption. The IRS sent her a notice of deficiency based on the SFR, determining the deficiency and additions to tax set forth above.

Subsequently, petitioner filed a delinquent return for 2007 with her husband, Calvin Moyer, claiming married filing jointly status, certain itemized deductions, and a deduction for a loss reported on Schedule E, Supplemental Income and Loss. Petitioner paid no tax with her delinquent return. Respondent agrees that petitioner and Calvin Moyer are entitled to married filing jointly status for 2007, and the parties have resolved all issues apart from the amount of the Schedule E loss and the additions to tax. Resolution of the former issue requires that we decide whether expenses allegedly incurred by an S corporation wholly owned

---

[1](...continued)
tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]** by Calvin Moyer were "ordinary and necessary" business expenses under section 162(a) and whether they were adequately substantiated. With minor exceptions, we resolve these issues in favor of respondent.

FINDINGS OF FACT

Some of the facts were stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Delaware when she petitioned this Court.

The S Corporation Business

Petitioner's husband, Calvin Moyer, was trained as a chemist. In 1968 he joined DuPont, where he worked chiefly in recruiting and human relations. He took early retirement in 1992 and started a company called Strategic Learning Systems, Inc. (SLS), which elected S corporation status for Federal tax purposes. Through SLS Calvin Moyer offered, as an outside contractor, many of the same human-relations services that he had previously performed in-house for DuPont. These included training company managers, helping workers develop "soft-side skills," and assisting laid-off employees in transitioning to new jobs.

Calvin Moyer initially offered these services chiefly by conducting training seminars, usually at the client's place of business. A one-day seminar would typically cost between $8,000 and $10,000. DuPont was SLS' principal client through

[*4] 2003, but DuPont stopped signing up for seminars in 2004. SLS had one or two other clients, but their work began to dry up. By 2006 the SLS business had diminished to the point where it involved little more than ad hoc consulting that Calvin Moyer personally performed. SLS had no other employees.

For 2007 SLS reported gross receipts of $1,289. This income was derived from Calvin Moyer's work "as a contract person with some other friends * * * in similar business * * * to go and help them in a seminar where they need help." SLS reported $28,583 of expenses for 2007, as follows:

| Item | Amount |
|---|---|
| Automobile | $7,834 |
| Phone & Internet | 5,686 |
| Education & training | 3,749 |
| Equipment | 3,299 |
| Office supplies | 2,235 |
| Computer equipment/supplies | 2,066 |
| Insurance | 1,560 |
| Books & journals | 874 |
| Business travel | 744 |
| Postage & UPS | 557 |
| Bank & legal | 279 |
| Error in addition | (300) |
| | 28,583 |

[*5]   Calvin Moyer operated this business out of the home he shared with petitioner.  He and petitioner owned two or more cars, one of which was allegedly dedicated exclusively to the business.  The $7,834 of automobile expense listed above represented car loan payments, gasoline, and AAA membership fees allegedly attributable to the SLS-dedicated car.  The $1,560 allegedly spent on "insurance" included business insurance and collision insurance on the SLS-dedicated car.  The $874 spent on "books & journals" included the cost of books, such as Jim Cramer's "Mad Money," allegedly purchased for use in SLS seminars (which did not occur).

After submitting their delinquent 2007 joint return, petitioner and Calvin Moyer provided the IRS with documentation for $5,263 of SLS expenses.  The IRS allowed deductions for $2,185 of the expenses thus substantiated, chiefly for office supplies and computer-related items.  The remaining $3,078 of substantiated expenses was paid for (among other things) a camcorder, a treadmill, a wireless router, music CDs, luggage, museum membership fees, a cell phone charger kit, candles, and a Microsoft Office 2007 software package.  The IRS disallowed a deduction for these expenses on the ground that they were not "ordinary and necessary" expenses of SLS' trade or business and/or because petitioner and Calvin Moyer failed to satisfy the substantiation requirements of section 274.  The IRS

[*6] accordingly reduced the allowable Schedule E loss claimed by petitioner and Calvin Moyer from $27,294 to $896.

Tax Court Proceedings

Calvin Moyer did not timely file a Federal income tax return for 2007. The IRS prepared an SFR and sent him a notice of deficiency based on the SFR. He timely sought review in this Court, and his case was litigated under docket No. 7503-11. This Court ultimately dismissed that case for failure properly to prosecute. On June 19, 2014, the Court entered an order of dismissal and decision deciding that for the taxable year 2007 Calvin Moyer had a deficiency of $13,229 and was liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $2,628, $2,920, and $225, respectively. The instant case nevertheless presents a live controversy because the deficiencies and additions to tax determined against petitioner differ from those determined against Calvin Moyer, who petitioned in docket No. 7503-11, and because respondent cannot collect any tax from petitioner separately absent a judgment against her.

Petitioner was unable to attend the trial because of illness. The Court specially recognized Calvin Moyer and allowed him to speak on her behalf and provide testimony. The Court admitted into evidence documentation (previously submitted to the IRS) substantiating $5,263 of alleged SLS expenses for 2007. In ad-

[*7] dition, the Court admitted into evidence documentation substantiating payments during 2007 to Citizens Automobile Finance of $2,395 for the car allegedly dedicated to SLS and to State Farm Insurance Co. of $210, of which $102 was for insurance covering that car and $108 for business insurance. No substantiation of any other SLS expenses was supplied.

## OPINION

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. Respondent bears the burden of production, but petitioner bears the burden of proof, with respect to the additions to tax under sections 6651(a)(1) and (2) and 6654. See sec. 7491(c).

### II. Deductible Business Expenses

Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." A necessary expense is one that is "appropriate and helpful" to the tax-

[*8] payer's business; ordinary expenses are those that are common or frequent in the type of business in which the taxpayer is engaged.  Deputy v. du Pont, 308 U.S. 488, 495 (1940); Welch v. Helvering, 290 U.S. at 113.  Personal, living, and family expenses are generally not deductible.  Sec. 262.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that claimed expenses are ordinary and necessary.  Rule 142(a). The taxpayer also bears the burden of substantiating her claimed deductions by keeping and producing records sufficient to enable the Commissioner to determine the correct tax liability.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), (e), Income Tax Regs.  The failure to keep and present such records counts heavily against a taxpayer's attempted proof.  Rogers v. Commissioner, T.C. Memo. 2014-141, at *17.

Section 274(d) imposes more rigorous substantiation requirements for expenses pertaining to travel and listed property, including passenger automobiles. Deductions for these expenses are disallowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating her own statement:  (1) the amount of the expense; (2) the time and place of the travel or use of the property; and (3) the business purpose of the expense.  Ibid.

[*9] Respondent does not dispute that SLS was engaged in a "trade or business" during 2007. But the scale of its business had declined considerably since 2004 and was extremely limited during 2007 and the immediately preceding years. Its gross receipts during 2007 were $1,289, derived from ad hoc consulting that Calvin Moyer personally performed. An assessment of what expenses were "ordinary" and "necessary" for this business must take into account its relatively moribund state.

Before trial petitioner supplied documentation for $5,263 of expenses. The IRS allowed a deduction for $2,185 of these expenses, including those for various computer-related items. We find that one other documented expense--$129 for a Microsoft Office 2007 software package--qualifies as an "ordinary and necessary" expense of the SLS business. The other disallowed expense deductions were for books, a camcorder, a treadmill, a wireless router, music CDs, luggage, museum membership fees, a cell phone charger kit, candles, and other personal items. Petitioner did not carry her burden of proving that these represented "ordinary and necessary" expenses of the SLS business as opposed to "personal, living, or family expenses" that are nondeductible under section 262(a).

During trial petitioner supplied documentation for $2,605 of additional expenses for car loan payments and insurance. We conclude that the $108 paid to

**[*10]** State Farm for business insurance constitutes an ordinary and necessary expense of the SLS business. We conclude that none of the automobile-related expenses so qualify because petitioner has not satisfied the strict substantiation requirements of section 274. Given the limited scope of the SLS business, the automobile in question was clearly used for business purposes infrequently, and petitioner has not established the actual extent of its business use.

In sum, we conclude that petitioner is entitled for 2007 to additional SLS-related deductions of $237 under section 162(a). Respondent properly disallowed all other claimed deductions for lack of substantiation under sections 162(a) and 274 or as "personal, living, or family expenses" under section 262(a).

III.  Additions to Tax

    A.  Failure To File

Section 6651 provides for an addition to tax of 5% of the tax required to be shown on a return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in toto. A taxpayer who files her return late is liable for this addition to tax unless she shows that her failure was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985).

[*11] Respondent produced a copy of petitioner's SFR for 2007 as well as her delinquent joint return. Petitioner stipulated that she did not file her delinquent return until January 12, 2014, and at trial she offered no reasonable cause therefor. We accordingly sustain respondent's imposition of the addition to tax under section 6651(a)(1).

### B. Failure To Pay

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely the tax shown on a return, unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. An SFR prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2). See sec. 6651(g). For each month or fraction thereof for which a failure to pay continues, section 6651(a)(2) adds 0.5% of the tax required to be shown on such return, up to a maximum addition of 25%.

Petitioner stipulated that the SFR that the IRS prepared for 2007 met the requirements of section 6020(b). The return indicates a deficiency and balance due of $27,185. Petitioner presented no evidence suggesting that her failure to pay was due to reasonable cause. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). We accordingly sustain the section 6651(a)(2) addition to tax.

**[*12]** C.     Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax on an individual who underpays her estimated tax. The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c) and (d). Each required installment is equal to 25% of the "required annual payment." Sec. 6654(d). The "required annual payment" is equal to the lesser of: (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of her tax for such year) or (2) if the individual filed a valid return for the immediately preceding taxable year, 100% of the tax shown on that return. See sec. 6654(d)(1)(A), (B), and (C).

Petitioner, in her petition, did not assign error to respondent's determination of an addition to tax under section 6654(a) for taxable year 2007. Petitioner likewise raised no question concerning this issue at trial. Petitioner has therefore conceded that she is liable for the addition to tax under section 6654(a). See Rule 34(b)(4); Swain v. Commissioner, 118 T.C. 358 (2002).

To reflect the foregoing,

Decision will be entered under Rule 155.